**In re Richard H. CHANDLER, Barbara K. Chandler, Debtors.**

**Bankruptcy No. 92–00896–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

Dec. 3, 1992.

---

William E. Brewer, Jr., Raleigh, NC, for debtors.

Trawick H. Stubbs, Jr., New Bern, NC, for Trustee.

## ORDER REGARDING CONFIRMATION OF PLAN

A. THOMAS SMALL, Chief Judge.

The confirmation hearing in this chapter 13 case was held in Raleigh, North Carolina, on November 3, 1992.[1] The issue is whether the debtors' chapter 13 plan meets the liquidation test requirement of 11 U.S.C. § 1325(a)(4), i.e., will unsecured creditors receive as much under the debtors' plan as they will receive in a liquidation under chapter 7.[2] The chapter 13 trustee, Trawick H. Stubbs, Jr., argues

that the plan must pay unsecured creditors an amount equal to the present value of the debtors' equity, less the debtors' $20,000 exemption, in the residence owned by the debtors as tenants by the entirety. The debtors, however, maintain that tenancy by the entirety property is exempt under North Carolina law as to each debtor's individual creditors, and that the plan need only pay the debtors' joint creditors in full to satisfy § 1325(a)(4).

The debtors, Richard and Barbara Chandler, filed their joint chapter 13 petition on July 16, 1992. Their primary asset is their residence owned by them as tenants by the entirety and located in Raleigh, North Carolina. The debtors' home is valued at $145,000 and is subject to two liens totalling approximately $96,500.

The debtors' plan calls for payments of $500 per month for 57 months and provides for the full payment of costs of administration and the curing of an arrearage of $1,900 on the first mortgage. The regular monthly mortgage payments on the first and second mortgages, as well as the monthly automobile payments, are to be paid directly by the debtors "outside" of the plan.

The debtors' unsecured creditors are divided into two classes, a class for unsecured joint claims and a class for unsecured claims for which the debtors do not have joint liability. The Chandlers have only three joint claims, totalling approximately $11,500, which they propose to pay in full with interest at the rate of 7% per annum. The debtors' individual creditors, totalling approximately $60,000, however, will receive a distribution of only $5,700, or an estimated dividend of 9.6%.

The trustee argues that the debtors' plan must pay the present value of $28,500, being the value of the residence ($145,000) less the two mortgages ($96,500) less the debtors' combined homestead exemption of

---

1. The debtors filed a motion to determine the amount of plan payments necessary to meet the confirmation requirements of § 1325(a)(4).

2. Section 1325(a)(4) provides that to be confirmable, a plan must provide that "the value, as of the effective date of the plan, of property to be

distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

$20,000 as provided by N.C.GEN.STAT. § 1C–1601(a)(1).[3] The trustee maintains that the filing of a joint petition has the effect of consolidating the estates of the individual debtors and subjecting their individual property interests to the claims of all creditors, whether those creditors are joint claimants or whether they have claims against only one of the debtors.

The filing of a joint petition by a husband and wife under § 302, however, does not result in the automatic substantive consolidation of the two debtors' estates. *In re Masterson*, 55 B.R. 648, 649 (Bankr.W.D.Pa.1985); *Matter of Chan*, 113 B.R. 427, 428 (N.D.Ill.1990). The court may consolidate the cases as provided in § 302(b), but in the absence of consolidation, the two estates are separate. In the present case there has not been a request for substantive consolidation, and the court has not determined that substantive consolidation is justified. Consequently, although the Chandlers have filed one joint petition, they each maintain separate estates.

Upon the filing of their joint petition, the interest of each debtor in the jointly held residence became property of each debtor's individual estate. *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981). Each debtor, however, could claim the property as exempt. In North Carolina, real property owned by a husband and wife as tenants by the entirety is not subject to the individual claims against one spouse. *Grabenhofer v. Garrett*, 260 N.C. 118, 131 S.E.2d 675 (1963). North Carolina debtors, therefore, may claim tenancy by the entirety property as exempt as to individual creditors under § 522(b)(2)(B). *In re Crouch*, 33 B.R. 271, 273 (Bankr.E.D.N.C.1983).

The tenancy by the entirety exemption could not be claimed against the debtors' joint creditors, *Ragsdale v. Genesco*, 674 F.2d 277 (4th Cir.1982), and, clearly, the real property would be subject to joint claims to the extent there was equity in the

property beyond the debtors' homestead exemptions. Additionally, in chapter 7, the trustee could administer and sell the entirety property for the benefit of joint creditors. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985).

A credible argument can be made that if the chapter 7 trustee were to sell the entirety real property for the benefit of joint creditors pursuant to § 363(h) that the proceeds remaining after satisfying joint creditors would no longer be subject to the entirety exemption and would be paid to the individual debtor's estates pursuant to § 363(j) to satisfy each estate's individual unsecured creditors. *See, Matter of Anderson*, 132 B.R. 657 (Bankr.M.D.Fla.1991), but *also see In re Pepenella*, 103 B.R. 299 (M.D.Fla.1988).

The court, however, need not decide whether or not individual unsecured creditors in chapter 7 share in the proceeds of a § 363(h) sale after joint creditors are paid, because a § 363(h) sale is not the only method of satisfying joint creditors in a chapter 7 case. For example, the joint debt could be refinanced or paid in full by the debtor from non-estate funds. *Sumy*, f.n. 25 at 931.

In the present case, the Chandlers are proposing to pay their joint creditors in full through their chapter 13 plan. The court, therefore, need not consider what the consequences might be of a sale by a chapter 7 trustee under § 363(h).

A chapter 7 debtor may not claim the tenancy by the entirety exemption against joint creditors, but a "debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present...." *Sumy* at 928. A chapter 13 debtor likewise should not forfeit the benefit of § 522(b)(2)(B) because of several joint debts.

Based on the foregoing, the court concludes that the debtors' chapter 13 plan meets the requirements of § 1325(a)(4). The trustee agrees that the other requirements of § 1325 have been met, and, ac-

---

**3.** N.C.GEN.STAT. § 1C–1601(a)(1) permits each debtor to claim an exemption of $10,000 in the debtor's residence.

cordingly, the debtors' plan will be confirmed. A separate confirmation order shall be entered.

SO ORDERED.