**In re Bonnie May SPEARS, Debtor.**

**Bonnie May Spears, Appellant,**

v.

**James W. Boyd, Appellee.**

**Bankruptcy No. HT3–00738.
No. 1:04–CV–418.**

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 19, 2004.

Cody H. Knight, Steven L. Rayman, Rayman & Stone, Kalamazoo, MI, for Appellant.

James W. Boyd, Traverse City, MI, pro se.

Ronald A. Schuknecht, Lewis, Schuknecht & Keilitz, PC, Traverse City, MI, for Appellee.

## *OPINION*

ENSLEN, District Judge.

This matter is before the Court to determine Appellant Bonnie May Spears' appeal of the United States Bankruptcy Court's Opinion and Order of April 26, 2004. The questions presented are ones of pure law and may be readily decided by this Court without further briefing or argument.

### *RECORD ON APPEAL AND PROCEDURAL HISTORY*

An examination of the Bankruptcy Court's record and the procedural history of this appeal shows the following:

Debtor and Appellant filed her Petition under Chapter 7 of the United States Bankruptcy Code on January 21, 2003. The Petition disclosed real estate, a one-story residence valued at $70,000, owned by Debtor and her non-debtor spouse by the entireties. (Pet., at Schedule A.)

Debtor claimed an exemption in the real estate in her Petition pursuant to 11 U.S.C. § 522(b)(2) and the Western District of Michigan's decision of *In re Trick-*

*ett,* Case No. K81–379 (W.D.Mich.1982). (Appellant's App., attach. 2.) Appellee then objected to the exemption and requested the Bankruptcy Court to "sever" the property interest from that of the non-debtor spouse and treat the exemption as limited to, at most, one-half the value of the property. (Trustee's Objection to Exemptions, at 2.)

After full briefing and oral argument, the United States Bankruptcy Judge issued an Opinion and Order on April 26, 2004. The Judge held that the filing of bankruptcy, by operation of federal statute, severed the tenancy by the entireties and limited the exemption to one-half of the property value less the value of any joint debts. (Op., at 60–61.) He also found that because the schedules did not specify whether debts were owed jointly or independently further proceedings were necessary to so determine. (*Id.* at 67.)

### STANDARD FOR APPELLATE REVIEW

 Pursuant to Bankruptcy Rule 8013, the district court's review of the bankruptcy court's legal conclusions is conducted *de novo. In re Rembert,* 141 F.3d 277, 280 (6th Cir.1998). When there are "mixed" questions of fact and law, the reviewing court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *In re Batie,* 995 F.2d 85, 88 (6th Cir.1993) (citing *In re Brown,* 951 F.2d 564, 567 (3d Cir.1991)).

### LEGAL ANALYSIS

What is immediately striking about the legal positions at stake is that there are not two, but three different legal positions competing for selection—those of the Appellant, the Bankruptcy Court, and the Trustee. Viewed as legal menu selections, the Appellant's dish is traditional Michigan faire—a serving of Sixth Circuit Court of Appeals' law, drizzled in precedent and the Michigan public policies which have led to the maintenance of the doctrine of tenancy by the entireties in Michigan. The Bankruptcy Court's dish is *nouveau* cuisine—a reinterpretation of Title 11 of the United States Code in light of recent Supreme Court precedent, which precedent has no direct application to bankruptcy law. The Trustee's position is best described as *nouveau* cuisine a' la Cuisinart. That is, it is a further qualification of the Bankruptcy Court's position in light of the precise wording of the Supreme Court precedent in a manner which the Supreme Court almost certainly did not intend, and which creates a legal formula which is but a stone's throw away from nonsense. A more detailed description of the faire now follows.

Appellant's position is best explained by the Sixth Circuit's decision of *In re Grosslight,* 757 F.2d 773, 775–77 (6th Cir.1985), which held that joint creditors *alone* could make a claim to bankruptcy estate property which was held by the entireties and which, by virtue of the election of state exemptions, had been exempted by the debtor. It explained its decision as follows:

Michigan is among the minority of states retaining the common law tenancy by the entirety. Tenants by the entirety, who must be husband and wife, hold under a single title with right of survivorship. Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property; but their joint creditors can reach entireties property. *See Sanford v. Bertrau,* 204 Mich. 244, 169 N.W. 880 (1918).

. . .

Under the Bankruptcy Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (codified as amended in 11 U.S.C. and scat-

tered sections of 28 U.S.C.), all the debtor's property is brought into the bankruptcy estate by 11 U.S.C. § 541(a).... ...

It is now established law that this provision brings entireties property into the bankruptcy estate. *See Chippenham Hospital v. Bondurant,* 716 F.2d 1057, 1058 (4th Cir.1983); *Napotnik v. Equibank & Parkvale Savings Association,* 679 F.2d 316, 318 (3d Cir.1982); *In re Trickett,* 14 B.R. 85, 88–89 (Bankr. W.D.Mich.1981); *In re Ford,* 3 B.R. 559, 564–71 (Bankr.D.Md.1980) (*en banc*), *aff'd* on the opinion of the bankruptcy court *sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981).

The debtor may [nevertheless] ... exempt the entireties property under 11 U.S.C. § 522(b)....

Under Michigan law, ordinary creditors cannot reach interests in entireties property, and the entire interest will therefore be exempt if there are no joint creditors. Joint creditors, however, can reach entireties interests, subject only to the $3,500 homestead exemption in Mich. Const. art. 10, § 3.

The circuits have split on the question whether entireties property is exempt from joint creditors under 11 U.S.C. § 522(b)(2)(B). The Third Circuit has held that a creditor with a judgment on a joint debt may levy upon the property itself and thus on the interests of both spouses. The debtor's interest in that portion of entireties property reachable by joint creditors therefore is not exempt. *Napotnik v. Equibank & Parkvale Savings Association,* 679 F.2d 316, 320–22 (3d Cir.1982); *accord In re Traurig,* 34 B.R. 325 (Bankr.S.D.Fla. 1983); *In re Trickett,* 14 B.R. 85, 89–90 (Bankr.W.D.Mich.1981).

The Fourth Circuit, on the other hand, has reasoned that a joint creditor cannot levy on a debtor's interest in entireties property, but only on the property itself, and therefore the whole interest is exempt under section 522(b)(2)(B). *In re Ford,* 3 B.R. 559, 576 (Bankr.D.Md.1980) (*en banc*), *aff'd* on the opinion of the bankruptcy court *sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). To prevent injustice, the Fourth Circuit continues the prior practice of lifting the automatic stay and deferring discharge while joint creditors seek their remedy in state court. *Sovran Bank v. Anderson,* 743 F.2d 223, 224 (4th Cir. 1984); *Chippenham Hospital v. Bondurant,* 716 F.2d 1057, 1059 (4th Cir.1983); *accord D'Avignon v. Palmisano,* 34 B.R. 796, 800 (D.Vt.1982).

The distinction between the two views is of theoretical and procedural rather than substantive significance. From that perspective, however, we believe that the better view is that expressed by the Third Circuit in *Napotnik.* ...

... The procedure we now approve, spelled out in more detail below, allows the creditor to protect his rights with a single filing in bankruptcy court. There is no question that the statute in effect at the time this case was filed, Bankruptcy Act of 1978, Pub.L. No. 95–598, sec. 241(a), § 1471, 92 Stat. 2549, 2668–69 (codified at 28 U.S.C. § 1471) (repealed 1984), gave the bankruptcy court jurisdiction over such claims by creditors.

In this case the debtor filed for bankruptcy on March 1, 1983, and presumably filed a schedule of exempted property listing his interest in entireties property with the petition. *See* Bankruptcy Rules 108(b), 403(a) (superseded 1983). The joint creditor, Liberty State Bank & Trust, filed this adversary proceeding in bankruptcy court twenty-four days later, on March 25, 1983. Liberty

asked that the automatic stay be lifted to allow it to proceed with its case against the parties' joint assets in state court, as under prior law, or alternatively that the entireties property be sold for the benefit of joint creditors, as in *In re Trickett,* 14 B.R. 85 (Bankr. W.D.Mich.1981).

The proper procedure, of course, is to file an objection to the claim of exemptions. *See* Bankruptcy Rule 4003(b). This objection may be combined with a proof of claim under Bankruptcy Rule 3002. Although Liberty did not comply with the letter of that procedure, we are satisfied that its failure to do so resulted from an excusable uncertainty as to the proper procedure and that its filing did meet procedural concerns. We therefore treat this adversary proceeding as an objection to the claim of exemptions. Taken as such, it was not untimely. *See In re Dembs,* 757 F.2d 777 (6th Cir. 1985).

It follows that Liberty is entitled to file a proof of claim on remand and attempt to show the validity of its claim. In appropriate cases, the court may lift the automatic stay to allow the creditor to proceed against the entireties property in state court. 11 U.S.C. § 362(d). We see no reason for such a procedure here, when judicial economy would be better served by a single proceeding in bankruptcy court.

*Grosslight,* 757 F.2d at 775–77.

Whatever else may be said for this *entree,* it is decidedly flavored in Michigan law.[1] The hoary doctrine of tenancy by the entirety is a minority position among the states. It represents, however, a political choice of the state legislature to maintain a system of property ownership which, at least arguably, contributes to family stability by ensuring that real property acquired during marriage may only be alienated, absent the dissolution of the marriage, by the joint consent of spouses. Any person who doubts the importance of this time worn principle of Michigan law should read the state legislature's recent enactment in Michigan Public Act No. 136, 2004 Mich. Legis. Serv. P.A. 136 (2004). Said Act made explicit that a "judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." Mich. Comp. Laws Ann. § 600.2807(1) (effective September 1, 2004).

Whether or not this system of property holding does contribute to family stability is an open question. Nevertheless, it is clear that Congress in enacting section 522 of the Bankruptcy Code intended to allow debtors to take advantage of state exemptions, including entireties exemptions. This is made explicit by the use of language in section 522 that "an individual may exempt from property of the estate . . . (b)(2)(B) any interest in which the debtor had . . . as a tenant by the entireties . . . to the extent that such interest as a tenant by the entireties . . . is exempt from process under nonbankruptcy law." This provision does not stutter in announcing that the Congress has expressly considered the competing interests of creditors and debtors and determined in the process to make entireties exemptions available to debtors to the same extent as permitted under state law. In doing so, Congress has acted consistent with the general policy of the equity courts that bankruptcy relief be liberally construed in favor of the debtor. *See Cheeseman v.*

---

1. In addition to the authorities cited herein, a great number of cases have championed the approach taken in *Grosslight*—a sampling of those authorities is cited at footnote 14 of Appellant's Brief.

*Nachman,* 656 F.2d 60, 63 (4th Cir.1981); *Roberts v. Henrico County Fed. Credit Union,* 709 F.2d 275, 276 (4th Cir.1983); *In re Trickett,* 14 B.R. at 92; *In re Hayden,* 41 B.R. 21, 24 (Bankr.E.D.Ky.1983); *In re Lazin,* 221 B.R. 982, 988–89 (Bankr. M.D.Fla.1998); *In re Edwards,* 281 B.R. 439, 446 (Bankr.D.Mass.2002).

■ One thing consistent about the Bankruptcy Court's Opinion is that it is both born out of and borne by a theoretical concept—that the petition filing by a single spouse must sever a tenancy by the entireties because there is no longer a unity of the interests of time, title, interest, possession and marriage. This purely theoretical argument was implicitly rejected in *Grosslight* and has no currency in existing bankruptcy practice. The *Ford* Court explicitly rejected this theoretical analysis because:

> The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition, until such time as that interest, still intact and unaltered, is exempted from the estate under § 522(b)(2)(B)....

*In re Ford,* 3 B.R. at 570. Regardless of which theory is aesthetically pleasing, there is no practical reason for altering the longstanding practice of this and other entireties jurisdictions of treating the entireties estate as a single, undivided, but exemptible, part of the bankruptcy estate— as was done in *Grosslight.*

As for the *nouveau* cuisine, it serves a half-portion of exemption premised on the notion that the filing of bankruptcy by a single spouse operates to sever the entireties and leave each spouse with an undivided one-half interest in the real estate. Where pray tell does the Bankruptcy Court get this recipe, since there is no provision of Michigan law nor the Bankruptcy Code which directs that the filing of a bankruptcy petition by a single spouse severs an estate held by the entireties? The answer is not simple given the 69–pages offered to justify it. Part of the Opinion seeks to justify this "exception" to entirety ownership as a new exception which the Michigan Supreme Court might announce if this question were somehow put to it. (*See* Op., at 24.) In doing so, it fails to recognize that the existing exceptions to entirety ownership by married couples all relate to either the dissolution of the marriage (divorce or murder), or a mutual debt or jointly agreed conveyance. In this respect, the speculation of the Bankruptcy Court that the Michigan Supreme Court might do so in the future contradicts existing precedent, which narrowly circumscribes exceptions.

Another portion of the Bankruptcy Court Opinion attempts to justify its treatment of the issue on the ground that Congress has silently invited this approach and left to the courts the details of how, when and why such a severance occurs. (Op., at 28–38.) The much better question is whether Congress could have intended to direct such a dramatic alteration of state property rights by mere silence. The obvious answer is that Congress had no such intent.

Drizzled throughout the Bankruptcy Court's Opinion is a discussion of the United States Supreme Court's Opinion in *United States v. Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002). What is interesting about the *Craft* decision is that it had nothing to do with bankruptcy law—it instead held that the sticky fingers of the tax man (as an agent of the sovereign) reached entireties property (and specifically Michigan entireties property) because federal tax law overrode the state exemption. In the words of the Supreme Court, " 'exempt status under state law does not bind the federal collector.' "

*Craft*, 535 U.S. at 288, 122 S.Ct. 1414 (quoting *Drye v. United States*, 528 U.S. 49, 59, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999)). The Bankruptcy Court then concludes that section 541 of the Bankruptcy Code and other code sections, like the tax law sections in *Craft*, operate to sever property held by the entireties when a bankruptcy petition by a single spouse is filed. This conclusion is not supported by any explicit language in those code sections. Furthermore, it operates to significantly narrow the entireties exemption without any indication from Congress that such was intended. While the notion that there is no escape from the tax man, which wins the day in *Craft*, is well understood as part of federal law, the Bankruptcy Court's treatment of the entireties is not supported by any established or new found Congressional policy. It runs directly contrary to the central premise of the bankruptcy system—that relief from debts is available and is to be liberally construed in favor of debtors and in accordance with both state law and the laws of Congress.

In summary, this Court has tasted the *nouveau* cuisine. It tastes bad because it substitutes for the sugar of intended exemptions some ill-considered spices— which are foreign to both the Bankruptcy Code and the tenets of Michigan law.

As for the Trustee's position, it is an interesting variation of the Bankruptcy Court's position. The Trustee, in his brief, argues that no set formula can be used to determine the value of the severed interest and that it must be valued on a case-by-case basis. (Appellee's Br., at 4.) He then defines his proposed formula for exemption amount as: "the difference between one-half the value of the property, and the amount of joint claims plus the value of the 'bundle of sticks.'" (*Id.* at 5.) The reference to the "bundle of sticks" is a reference to Justice O'Connor's statement in

*Craft* that entireties property included the following rights:

> the right to use the property, the right to exclude third parties from it, the right to a share of income produced from it, the right of survivorship, the right to become a tenant in common with equal shares upon divorce, the right to sell the property with the respondent's consent and to receive half the proceeds from such a sale, the right to place an encumbrance on the property with the respondent's consent, and the right to block respondent from selling or encumbering the property unilaterally.

*Craft*, 535 U.S. at 282, 122 S.Ct. 1414.

So understood, the Trustee's position is hardly intelligible and without justification. It creates a cases-by-case system for valuing a severed interest in property which includes a valuation of the interest prior to its severance. Even if Congress did intend a homespun remedy to value severed entireties exemptions, the above recipe is not the right one. It muddles the distinction between severed and unsevered interests and invites only confusion and unworkable valuations.

In summary, the Trustee's recipe is the worst of all. It has also the disadvantages of the Bankruptcy Court's approach, plus it throws the Bankruptcy Court's Opinion and the *Craft* decision into a Cuisinart and leaves the guest to wonder what is being served.

■ In short, the Court will apply the traditional approach approved by the Sixth Circuit in *Grosslight* and reverse and remand the matter to the Bankruptcy Court for action consistent with this Opinion. In doing so, the Court directs the Bankruptcy Court to apply the procedure specified in *Grosslight*—*i.e.*, to determine that the exempt entireties property is free from any individual claims of creditors, and to disre-

gard any claims of scheduled creditors unless the creditors *qua joint creditors* make *timely objections* to the exemption under Bankruptcy Rule 4003(b). *See Grosslight,* 757 F.2d at 777. In the event of any such valid objection, the joint creditors may reach the entireties property subject only to a separate $3,500 Michigan homestead exemption. *Id.* at 777.

### CONCLUSION

The decision of the Bankruptcy Court is reversed and this matter remanded to the Bankruptcy Court to act consistent with the remand directions. A Judgment shall issue consistent with this Opinion.

### JUDGMENT

In accordance with the Court's Opinion of this date;

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court is **REVERSED** and this matter remanded in accordance with the Court's directions.