**In re Charles Frank EICHHORN,
Anna Louise Eichhorn,
Debtors.**

**No. 05–41990.**

United States Bankruptcy Court,
S.D. Illinois.

Feb. 28, 2006.

Dana S. Frazier, Chapter 7 Trustee (pro se), Murphysboro, IL, for Movants.

Jerry B. Smith, DuQuoin, IL, for Respondents.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

This case presents the issue of whether the debtors, who filed a joint petition seeking relief under chapter 7 of the Bankruptcy Code, may claim an exemption in real estate held in tenancy by the entirety. The trustee opposes the exemption of the entireties property, arguing that, in the situation of a joint bankruptcy filing, her avoidance powers under 11 U.S.C. § 544 place her in the shoes of a creditor holding jointly incurred debt, against whom the entireties exemption may not be asserted. In addition, she argues that the tenancy by the entirety is severed when a joint bankruptcy petition is filed, leaving no entireties property to exempt. The debtors, claiming the full value of the real estate exempt, counter that their entireties property is shielded from process for debts on which they are individually, rather than jointly, liable. They further respond that the tenancy is not severed by the bankruptcy filing regardless of whether a single or a joint bankruptcy is filed.

The following facts are not in dispute. The debtors are husband and wife who filed a joint petition for relief under chapter 7 of the Bankruptcy Code on August 1, 2005.[1] On schedule A, they listed an unencumbered residence valued at $58,000.00 that they owned jointly as tenants by the entirety.[2] On schedule C, the debtors together claimed an exemption of $15,000.00 in the residence pursuant to Illinois' homestead exemption statute. 735 ILCS 5/12–901. In addition, the debtors together claimed an exemption in the amount of $58,000.00 in the residence pursuant to 750 ILCS 65–22.[3] Although the debtors have not claimed an exemption on schedule C pursuant to 735 ILCS 5/12–112,[4] the trustee appears to have waived any contention that the debtors have not chosen the correct exemption statute. On schedule D,

1. Since the debtors' bankruptcy case was filed before October 17, 2005, all citations to sections of the Bankruptcy Code in this Opinion shall refer to the provisions of Title I of the Bankruptcy Reform Act of 1978, as amended, prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

2. Although initially the trustee challenged the existence of a tenancy by the entirety, having not seen proof in the form of a deed, she appears to have abandoned that position.

3. This statute merely establishes that nothing in the Illinois Rights of Married Persons Act, 750 ILCS 65/0.01 et seq., abolishes or prevents the creation of a tenancy by the entirety. It does not create an exemption in entireties property. E.g., In re Tolson, 338 B.R. 359, 369–70, No. 04–85158, 2005 WL 3683733, at *7 (Bankr.C.D.Ill.Dec.30, 2005). The statute provides in pertinent part:

> Nothing in this Act abolishes or prevents the creation and enjoyment of the estate of tenancy by the entirety with respect to any devise, conveyance, assignment, or other transfer of property, including a beneficial interest in a land trust, maintained or intended for maintenance as a homestead by both husband and wife during coverture made or executed on or after October 1, 1990.

750 ILCS 65–22.

4. This statute, which shields entireties property from debt that is individually incurred, is the source of the entireties exemption in Illinois. E.g., Tolson, 338 B.R. at 369–70, 2005 WL 3683733, at *7. It provides in pertinent part that "[a]ny real property ... held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants ...." 735 ILCS 5/12–112.

the debtors listed secured debt totaling $5,871.00 on which they were jointly liable. Their schedule E contained unsecured priority debt totaling $1,116.00 for which the debtors were jointly liable. On schedule F, the debtors listed unsecured debt totaling $73,528.91, all of which was incurred by either the husband or the wife individually. The trustee has not challenged the debtors' classification of the debts as joint or individual. In addition, the debtors' respective estates have not been consolidated pursuant to 11 U.S.C. § 302(b).

■ The filing of either a single or a joint petition in bankruptcy brings entireties property into the bankruptcy estate pursuant to § 541(a)(1) of the Bankruptcy Code. 11 U.S.C. § 541(a)(1); *see, e.g., Matter of Paeplow,* 972 F.2d 730, 736–37 (7th Cir.1992). Thereafter, notwithstanding its initial inclusion in the estate, an individual debtor in bankruptcy in Illinois [5] may utilize § 522(b)(3)(B) of the Bankruptcy Code to exempt the entireties property to the extent permissible under nonbankruptcy law. 11 U.S.C. § 522(b)(3)(B).[6] In Illinois, property held in tenancy by the entirety is protected from a creditor holding a judgment against only one of the tenants. 735 ILCS 5/12–112; *Premier Property Management, Inc. v. Chavez,* 191 Ill.2d 101, 245 Ill.Dec. 394, 728 N.E.2d 476,

479 (2000). Conversely, it is not exempt from those claims for which both tenants share liability. *E.g., Tolson,* 338 B.R. at 370–71, 2005 WL 3683733, at *8. Therefore, an individual debtor in Illinois, who seeks bankruptcy relief while holding entireties property, may shield the entireties property from creditors with claims that were individually incurred. *Id.*

■ The trustee in the instant case contends that the filing of a joint bankruptcy petition alters this dynamic. Arguing that 11 U.S.C. § 544 places her in the role of a "joint creditor" when a husband and wife jointly seek bankruptcy relief, the trustee maintains that the debtors in this case may not claim any exemption whatsoever for their entireties property. However, the trustee has provided no authority, nor has the Court found any, to support the proposition that a trustee may use the avoiding powers of § 544 for the purpose of objecting to a claimed exemption. Moreover, the trustee invokes § 544, but fails to elaborate upon her argument, or to specify the subsection of § 544 under which she proceeds, leaving the Court to try to surmise how the section might assist her.

■ As a general matter, § 544 of the Bankruptcy Code enables a trustee to avoid transfers of, and liens on, estate

---

**5.** Illinois has opted out of the federal exemption scheme described in 11 U.S.C. § 522(b)(1) of the Bankruptcy Code, thereby limiting debtors in Illinois to the framework of 11 U.S.C. § 522(b)(2) to determine their exemptions. 735 ILCS 5/12–1201; *see, e.g., In re Mukhi,* 246 B.R. 859, 862–63 (Bankr. N.D.Ill.2000). Although both debtors must use the exemptions available under Illinois law, 11 U.S.C. § 522(m) makes clear that each of the joint debtors is entitled to claim exemptions in his or her own right.

**6.** Section 522(b)(3)(B) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . . .

\* \* \* \* \* \*

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B).

property that could have been avoided by a creditor under applicable local law. *E.g.,* 5 *Collier on Bankruptcy* ¶ 544.01, at 544–3 (15th ed. rev.2005). The powers granted by § 544(a),[7] known as the "strong arm" clause, arm the trustee with the avoidance rights of a hypothetical creditor or bona fide purchaser and may be exercised without regard to whether or not such a creditor or purchaser exists. 5 *Collier on Bankruptcy* ¶ 544.02, at 544–4 to –5. In contrast, the powers granted to the trustee by § 544(b)[8] allow the trustee to avoid transfers or obligations of the debtor that could be avoided by an actual, existing unsecured creditor under nonbankruptcy law. 5 *Collier on Bankruptcy* ¶ 544.02, at 544–5.

■ Turning, then, to the trustee's contention that § 544 provides a vehicle to defeat the entireties exemption claimed in this case, the Court rejects the applicability of the section for that purpose. In the first instance, the Court finds that § 544 may not be used as a mechanism to attack a claim of exemption because entitlement to an exemption arises by statute and there is no identifiable transfer of a property interest or obligation undertaken in its creation that may be avoided pursuant to § 544.

■ However, even if the Court assumes, *arguendo,* that § 544 is applicable to the trustee's goal despite the conclusions reached above, the trustee still cannot prevail. As noted earlier, the trustee has failed to specify the subsection of § 544 upon which she relies, leaving the Court to make this determination on her behalf. To the extent that the trustee's argument is based on § 544(b), this section is unhelpful to her because it affords her no powers in the instant situation beyond those she already possesses. Section 544(b) enables the trustee to assume only those avoidance rights available under nonbankruptcy law to an **actual unsecured creditor of this bankruptcy case.** In the instant case, there are no joint creditors holding claims large enough to consume all of the equity in the debtors' residence. Given that the trustee already is free to object to exemptions as the representative of the actual unsecured creditors of the estate, utilizing § 544(b) as

7. This subsection states in pertinent part:
   (a) The trustee shall have, as of the commencement of the case ... the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, **whether or not such a creditor exists;**
   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, **whether or not such a creditor exists;** or
   (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, **whether or not such a purchaser exists** [and has perfected such transfer].
   11 U.S.C. § 544(a) (emphasis added).

8. This subsection provides in pertinent part:
   (b)(1) [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law **by a creditor holding an unsecured claim that is allowable under section 502** of this title ....
   11 U.S.C. § 544(b)(1) (emphasis added).

a round-about method to achieve this same purpose does not offer her any benefit. This leaves the Court to determine whether § 544(a) provides her more assistance.

■ The Court surmises that the trustee envisions using § 544(a)(1) or (2) to assume the role of a hypothetical joint creditor who holds a judgment lien against, or executes upon, all unencumbered property of both debtors. As such a hypothetical joint creditor, the trustee imagines holding a joint claim large enough to consume all of the equity in the entireties property, thereby defeating the debtors' right to an exemption in the property. The trustee maintains that she becomes such a hypothetical joint creditor simply because a joint bankruptcy petition has been filed. The Court, however, rejects this argument.

■ The trustee's standing to object to exemptions derives from her power to represent the **actual** creditors of the estate, whose interests it is her job to protect. 11 U.S.C. § 323(a); *Matter of Luster,* 981 F.2d 277, 279 (7th Cir.1992). Bankruptcy Rule 4003(b) provides that "[a] **party in interest** may file an objection to the list of property claimed as exempt . . . ." Fed. R. Bankr.P. 4003(b) (emphasis added); *see* 11 U.S.C. § 522(1). The trustee or a creditor is included within the definition of "party in interest," *e.g., In re Edmonston,* 107 F.3d 74, 76–77 (1st Cir.1997), but a hypothetical creditor is not. *See id.* Since § 544(a) depends upon the trustee assuming the role of a hypothetical creditor, the section cannot be used for the purpose of contesting an exemption claim. *See First Nat'l Bank of Mobile v. Norris,* 701 F.2d 902, 904 (11th Cir.1983) (in objecting to exemptions, trustee does not use avoiding powers of § 544 but rather acts as representative of the estate whose duties include collecting estate property and objecting to exemptions). Moreover, since the Court has rejected the theory that a trustee may stand in the shoes of a hypothetical creditor for the purpose of challenging a claim of exemption, the Court finds no merit in the trustee's argument that she becomes a hypothetical **joint** creditor for this purpose whenever a joint petition in bankruptcy is filed. The fallacy in the trustee's position is shown by following her argument to its logical conclusion. Under her version of the law, the right to an entireties exemption would be eliminated whenever a joint bankruptcy case were filed because the trustee could assume the role of a "joint creditor" to defeat the exemption without reference to the existence of, or the amount of, the actual joint debt. This would leave tenants by the entirety in a joint bankruptcy case without an exemption even if they had no joint creditors whatsoever. The trustee's opposition to the entireties exemption must stand or fall as a result of the actual amounts of joint and individual debt in the case and not through the conjuring of a creditor who holds imagined amounts of joint debt. In this case, where the actual joint debt is but a tiny fraction of the whole, the trustee is limited by that amount.

■ To hold otherwise would be in direct contravention of the intent behind 11 U.S.C. § 522(b)(3)(B)[9] that an exemption for property held in tenancy by the entirety be treated the same in bankruptcy as it

---

9. Section 522(b)(2)(B) provides that entireties property is exempt in bankruptcy "to the extent . . . exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

is under state law. *E.g.*, 4 *Collier on Bankruptcy* ¶ 522.10[3], at 522–78.1 (15th ed. rev.2005) ("This provision effectively treats entireties property similarly whether creditors are seeking to reach the property in a bankruptcy case or through state collection efforts when no bankruptcy case is pending.") Since property held in tenancy by the entirety in Illinois is subject to process only by the actual joint creditors of the tenants, the trustee's creation of a fictitious "joint creditor" to defeat the entireties exemption of joint bankruptcy filers would violate § 522(b)(3)(B) because debtors outside bankruptcy do not face a similarly empowered hypothetical "joint creditor."

The Court is not persuaded otherwise by case authority cited by the trustee. None of the cases provided by the trustee address her argument that she can defeat the exemption as a hypothetical "joint creditor" using the avoiding powers of 11 U.S.C. § 544. The language cited from *In re Fishman*, 241 B.R. 568, 575 (Bankr. N.D.Ill.1999), *In re Allard*, 196 B.R. 402, 409 n. 5 (Bankr.N.D.Ill.), *aff'd*, 202 B.R. 938 (N.D.Ill.1996), and *In re Edmonston*, 107 F.3d at 77, merely reiterates the prevailing law in most states recognizing tenancy by the entirety, to the effect that entireties property is not protected from debts that are owed to the joint creditors of both tenants.

■ Both the trustee and the debtors rely on the case of *In re Spears*, 308 B.R. 793 (Bankr.W.D.Mich.), *rev'd*, 313 B.R. 212 (W.D.Mich.), *remanded to* 314 B.R. 360 (Bankr.W.D.Mich.2004), albeit at different stages in the proceedings, to promote or negate the notion that an entireties estate is severed by a joint bankruptcy filing. *Spears*, 314 B.R. 360, was a decision upon remand following reversal of a

bankruptcy judge's determination that a tenancy by the entirety was severed when only one tenant sought bankruptcy relief. The District Court's reversal of the earlier decision thoroughly discredited its reasoning, accusing the bankruptcy judge of "creat[ing] a legal formula which is but a stone's throw away from nonsense," *Spears*, 313 B.R. at 214, when he found severance in the absence of any provision in state or bankruptcy law directing such a result. *Id.* at 217. The trustee relies upon admitted dicta taken from the bankruptcy judge's statement, on remand, that his earlier decision finding severance would have remained unchanged whether a single or a joint bankruptcy case had been filed. *Spears*, 314 B.R. at 364 n. 19. This Court is at a loss to understand how the bankruptcy judge's rationale finding severance, which was overruled by the District Court, is helpful to the trustee. Moreover, the opinion on remand appears to be more a disgruntled denunciation of the District Court decision than persuasive precedent. The burden is upon the trustee to support her objection to the exemption, Fed. R. Bankr.P. 4003(c); *see, e.g., In re Moneer*, 188 B.R. 25, 28 (Bankr.N.D.Ill.1995), and she has not met this burden with respect to the question of severance.

■ Although the parties have not framed the argument in this way, nonetheless, the question remains as to whether the filing of a joint bankruptcy petition merges the debtors' estates, thereby subjecting all assets held by either debtor to the claims of all creditors, without regard to whether liability for such claims was jointly or individually incurred. If merger were found to occur due to the joint bankruptcy filing, the debtors in the instant case would be unable to exempt their equity in the entireties property in the face of

the trustee's objection on behalf of all creditors since the consolidated debt in this case would exceed the amount of their equity in the residence. However, this argument, too, must be resolved against the trustee.

■■■■ The filing of a joint bankruptcy petition does not cause the automatic substantive consolidation of the debtors' respective estates. *E.g., In re Chandler,* 148 B.R. 13, 15 (Bankr.E.D.N.C.1992). While § 302(a) of the Bankruptcy Code authorizes a husband and wife to file a joint bankruptcy petition,[10] routinely leading to joint administration of the two estates,[11] joint administration simply means that the estates may be combined for purely administrative functions using a single docket. 2 *Collier on Bankruptcy* ¶ 302.02[1][b], at 302–7,–8. Thus, in a typical jointly administered case, there will be only one meeting of creditors, a single claims register, combined notices to creditors, and one discharge hearing, if required. *Id.* at 302–7. However, the two estates remain separate, with each debtor required to separately schedule his or her assets, debts and exemptions, with claims against each debtor having to be separately filed, and with the separate property of one debtor protected from the claims of the other debtor's creditors. *Id.* at 302–7, –8.

■■■■ In contrast to joint administration, consolidation of jointly filed cases under 11 U.S.C. § 302(b)[12] involves "the combining of the assets and liabilities of the two estates into a single pool to pay creditors," thereby affecting the parties' substantive rights. 2 *Collier on Bankruptcy* ¶ 302.06, at 302–18. As a result, jointly filed cases are not consolidated unless a court determines that such a course of action is appropriate. 11 U.S.C. § 302(b); *see also* 2 *Collier on Bankruptcy* ¶ 302.06, at 302–18 (consolidation is not automatic upon the filing of a joint case). In the absence of consolidation, the two estates remain separate. *E.g., In re Chandler,* 148 B.R. at 15.

In fact, that is the situation at hand. Here, there has been no request to consolidate the debtors' estates and, therefore, the two estates remain separate. Consequently, upon filing, the entireties property became an asset of each debtor's estate, any debt incurred by only one of the debtors remained his or her individual debt, and each debtor became able to exempt the entireties property to the extent it was not subject to debts that were jointly incurred. Since the debtors' schedules reflect that only a small fraction of the debt in this case was incurred by the debtors jointly, the debtors have substantial equity in the entireties property that remains protected under Illinois exemption law.

■■■■ Nonetheless, the debtors cannot claim a complete victory either. Since Illinois does not protect entireties property from the claims of joint creditors, the equity remaining after application of the homestead exemption cannot be shielded from

---

10. 11 U.S.C. § 302(a); Fed. R. Bankr.P. 1015(b).

11. *See* 2 *Collier on Bankruptcy* ¶ 302.02[1][b], at 302–8 (15th ed. rev.2005) (the majority of courts automatically treat jointly filed cases as jointly administered without the necessity of a separate order for joint administration).

12. The section provides:

> After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

11 U.S.C. § 302(b).

any jointly incurred claims. See, *e.g., Tolson,* 338 B.R. at 370–71, 2005 WL 3683733, at *8 (providing method to compute the amounts of exempt and non-exempt equity in entireties property). In this case, the debtors have $43,000.00 in excess equity after subtracting their $15,000.00 homestead exemption from the $58,000.00 value of their entireties property. The amount of their tenancy by the entireties exemption is calculated by subtracting the total jointly incurred debt from their excess equity of $43,000.00. *Id.* The non-exempt equity (which, in this case, equals the amount of the joint debt), is available for distribution to creditors and the trustee may utilize § 363 of the Bankruptcy Code, 11 U.S.C. § 363, to sell the real estate to realize the non-exempt equity. *E.g., In re Paeplow,* 972 F.2d at 733; *In re Chandler,* 148 B.R. at 15. The debtors, of course, may seek to forestall such a sale by purchasing the non-exempt equity in the real property from the estate.