**In re B. SCHWARTZ FURNITURE CO., INC., Debtor.**

**Brian A. BASH, Trustee, Plaintiff,**

v.

**Leonard SCHWARTZ, Defendant.**

**Brian A. BASH, Trustee, Plaintiff,**

v.

**Charles P. SCHWARTZ, Defendant.**

**Brian A. BASH, Trustee, Plaintiff,**

v.

**Ben P. SCHWARTZ, Defendant.**

**Bankruptcy No. B89–04194.**
**Adv. Nos. B90–1388, B90–1389, B90–1397.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 13, 1991.

Harry Greenfield, Buckley, King & Bluso, Cleveland, Ohio, for plaintiff.

Richard Siegel, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court are three complaints filed by Trustee, Brian Bash, seeking avoidance and recovery of insider preferences and the answers of Defendants, Leonard Schwartz, Charles P. Schwartz and Ben P. Schwartz. These adversary proceedings which arise in the Chapter 7 case of B. Schwartz Furniture Co., Inc., Case Number B89–04194, are core proceedings within this Court's jurisdiction, 28 U.S.C. §§ 1334(a),

(b), 157(b)(2)(F), and were consolidated for trial. On consideration of the evidence, pleadings and file the Court finds:—

Defendants stipulated to facts to support findings concerning several elements of a preferential transfer as defined in Section 547(b) of the Bankruptcy Code. Specifically stipulated were (1) Debtor's insolvency at the time of the disputed transfers, (2) the transfers were made within one year of the filing of the petition and (3) the transfers enabled Defendants to receive more than they would receive under the provisions of Chapter 7. 11 U.S.C. § 547(b)(3), (4), (5). (TRANS. 4–12). In addition, it was stipulated Leonard and Charles Schwartz are insiders. 11 U.S.C. §§ 101(30), 547(b)(4)(B). (TRANS. 4–12). The issue for decision, therefore, is Defendants' status as creditors of the estate and whether the disputed payments were on account of an antecedent debt.

B. Schwartz Furniture Co., Inc. filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 12, 1989. Ben Schwartz was president of the corporation. (TRANS. 13). His sons, Charles and Leonard, were vice-presidents who each owned 50% of the corporate stock. (TRANS. 13–15, 25, 28). The corporate business consisted of a single retail furniture store. The brothers worked full-time in the store performing all variety of necessary functions. (TRANS. 74–75, 90–91). The business was their sole source of income. The Statement of Financial Affairs indicates Leonard Schwartz received a $12,000.00 salary and a $33,000.00 draw in the year preceding the bankruptcy filing. Charles Schwartz received the same. Evidence established that a reasonable annual salary for someone in their position would be $75,000–$100,000. (TRANS. 98–100). Ben Schwartz did not work in the store during the relevant period. (TRANS. 20–21).

During the year preceding the Chapter 7 filing, Defendants received payments by check from the corporation. Ben P. Schwartz received $28,355.43 (EXH. 1; TRANS. 20–21). Leonard and Charles received $43,581.00 and $55,575.00 respectively. (EXH. 2, 3; TRANS. 19, 26). It is these payments Trustee seeks to recover alleging they are payments on outstanding debt. Defendants argue the payments were for services performed.

Difficulty in characterizing the disputed payments results from incomplete corporate financial information for the year preceding the bankruptcy. In preparing his case, Trustee was only able to obtain corporate tax returns for 1988, schedule of fixed assets and depreciation, purchase journals, cash disbursement journals for January through April of 1989, some accounts payable and accounts receivable cards, numerous bank statements and cancelled checks. (TRANS. 33–35). There is no evidence or indication that absence of complete records was attributable to Defendants' subterfuge or lack of cooperation. (TRANS. 77–79, 106–107).

Available corporate records reflect the corporation owed outstanding debts to all three Defendants. Corporate balance sheets for periods ending December 31, 1988 and July 31, 1989 schedule stockholder loans and notes payable. (EXH. 4, 5; TRANS. 15–18). Debtor's 1988 corporate income tax return lists outstanding shareholder loans as well. (EXH. 11; TRANS. 85–87). Finally, corporate records include ledger cards stating the corporation owed sums to all three Defendants in the year preceding the bankruptcy filing. (EXH. 8, 9, 10; TRANS. 83–85, 88, 92–94). Cash disbursement journal for January through April of 1989 reveals $47,951.92 paid to the three Defendants during this period. (EXH. 6, 7; TRANS. 37–39, 53). These payments were listed for director fees, interest on the Ben Schwartz loan, Ben Schwartz loan, Charles Schwartz loan, Leonard Schwartz loan, meals and entertainment, rent, stockholders' distribution and check exchange. (EXH. 6, 7; TRANS. 39–52). Ben Schwartz received $10,475.18 in loan and interest payments during this period. (TRANS. 39–52). Leonard received $1,800.00 in loan repayments and Charles received $5,500.00. (TRANS. 39–52).

Charles and Leonard testified that all payments from the corporation were for services rendered. (TRANS. 75–76, 90–92). Both denied making loans to the corporation. Their father, Ben, did not testify or present a defense due to infirmity which prevented his communication or assistance in preparation of his case. (TRANS. 6). His sons had no knowledge of his having loaned money to the corporation. (TRANS. 76). Although Ben served as an advisor to his sons, no explanation was provided for payments to him. (TRANS. 21). Defendants' characterization of the payments is not credible, however, because of contrary corporate records and their lack of knowledge or familiarity with corporate finances and bookkeeping practices. Corporate financial decisions were determined and executed by the accountant and bookkeeper. (TRANS. 15–17, 20–22, 27–28, 80–81, 93–95). The brothers' area of expertise was the sale of furniture. They were not actively involved in any facet of corporate financial affairs. (TRANS. 20–22, 27–28, 74, 80–81, 90–91, 94).

The Court concludes the Debtor-corporation owed outstanding debts to all three Defendants. There is, however, no justification to conclude all payments to them during the year preceding bankruptcy were to apply on that debt. Leonard and Charles performed necessary and invaluable services to the corporation. It is clear they intended all payments received were for services rendered. For them to work for nothing is highly improbable. It is impossible, however, to determine with specificity what portion of the payments was applied to the outstanding debt. Based on the cash disbursement journals for January through April of 1989, Trustee established that Defendants were paid on outstanding debt during that period. (EXH. 6, 7). Specifically, Ben Schwartz was paid $10,475.18, Leonard Schwartz, $1,800.00 and Charles Schwartz, $5,500.00.

## DISCUSSION

Pursuant to Section 547 of the United States Bankruptcy Code a trustee—

"may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

11 U.S.C. § 547(b)

The trustee has the burden to prove the avoidability of a transfer under Section 547(b). 11 U.S.C. § 547(g). The party against whom recovery is sought has the burden of proving non-avoidability of a transfer under Section 547(c). 11 U.S.C. § 547(g). The parties stipulated Leonard and Charles were insiders of the Debtor-corporation. Ben Schwartz as president is also an insider. 11 U.S.C. § 101(30)(B)(ii). Elements of a preference delineated in Sections 547(b)(3), (b)(4) and (b)(5) were stipulated. The issues, therefore, are whether Defendants were creditors of the corporation and whether payments received were on account of an antecedent debt. 11 U.S.C. § 547(b)(1), (b)(2).

"Creditor" is defined as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor ..." 11 U.S.C. § 101(9)(A). "Although 'antecedent debt' is not defined by the Code, essentially a debt is 'antecedent' if it is incurred before the transfer." 4 Collier on Bankruptcy 547.05 (15th Ed.1991). A preference, there-

fore, may arise only in reference to pre-existing debt.

■ The three Defendants were clearly creditors of the Debtor-corporation according to corporate records which reflect outstanding debt. Payments to them, therefore, were transfers to or for the benefit of creditors within the meaning of Section 547(b)(1). Moreover, these corporate debts were clearly incurred prior to payments thereon. The payments, therefore, were for or on account of an antecedent debt owed by the debtor prior to the transfer within the meaning of Section 547(b)(2). These determinations plus the parties' stipulations lead to the conclusion that Defendants' receipt of payments on the outstanding debt were preferential transfers pursuant to Section 547(b).

Defendants asserted various defenses under Section 547(c). Specifically pleaded were subsections (c)(1), (c)(2) and (c)(4) which provide that a trustee may not avoid a transfer,

"(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms ...

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise un-avoidable transfer to or for the benefit of such creditor ..."

11 U.S.C. § 547(c)(1), (2), (4)

New value is defined in Section 547(a)(2) to mean "money or moneys worth in goods, services, or new credit ..." 11 U.S.C. § 547(a)(2).

■ Pursuant to Section 547(c)(1), a preference may not be recovered to the extent it was intended to be a contemporaneous exchange for new value and was, in fact, substantially contemporaneous. Services performed constitute "new value" under Section 547(a)(2). Leonard and Charles worked for the corporation in the year preceding bankruptcy. The disputed payments were clearly in exchange for valuable, necessary work performed. It was their understanding and intent that payments were made for services rendered. Payments thus fall within the scope of Section 547(c)(1) and recovery is prohibited. There is, however, no evidence Ben Schwartz provided "new value" to the corporate debtor. Payments to him, therefore, are outside the scope of the Section 547(c)(1) exception. Further, they are outside the scope of Section 547(c)(4) which also requires proof of "new value".

Section 547(c)(2) precludes preference recovery for payment of debt incurred in the ordinary course of business. There is no proof that the outstanding debt herein constitutes an exception under this provision.

## CONCLUSION

■ Transfers of $10,475.18 to Ben P. Schwartz are avoidable as a preference pursuant to Section 547 of the Bankruptcy Code and may be recovered by the Trustee. 11 U.S.C. § 550. Trustee is, therefore, granted judgment on his complaint against this Defendant. In addition, pre-judgment interest at the rate prescribed by 28 U.S.C. § 1961, accruing from the date the adversary proceeding was filed, is appropriate. *DuVoisin v. Anderson* (In re Southern Industrial Banking), 87 B.R. 518 (Bankr. E.D.Tenn.1988). Transfers to Defendants, Leonard and Charles Schwartz, for $1,800.00 and $5,500.00 respectively are preferences per Section 547(b) of the Bank-

ruptcy Code. Recovery of these transfers is, however, precluded by Section 547(c)(1) of the Bankruptcy Code. Defendants, Leonard Schwartz and Charles P. Schwartz, are, therefore, granted judgment on the complaints against them. Each party will bear its respective costs in these three actions.