**In re Edwin HARLIN, Debtor.**

**Wendy Turner Lewis, Trustee, Plaintiff,**

v.

**Janice D. Harlin, Defendant.**

**Bankruptcy No. 03–63735.**

**Adversary No. 04–4113.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

June 6, 2005.

Martin L. Fried, Goldstein Bershad Fried & Lieberman, PC, Southfield, MI, for Debtor.

Timothy J. Miller, Detroit, MI, for Plaintiff.

*OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDER-ATION*

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter is before the Court on Plaintiff's "Motion for Reconsideration of Order Granting Summary Judgment as to Constructive Fraud." Having considered the pleadings and oral arguments, the Court denies Plaintiff's motion for the reasons set forth below.

*Background*

Edwin Harlin (Debtor), filed an individual Chapter 7 bankruptcy petition on August 28, 2003. Defendant, Janet Harlin (Mrs. Harlin) did not file bankruptcy. Plaintiff is the appointed Chapter 7 Trustee in Debtor's bankruptcy case. On January 16, 2004, Plaintiff (Trustee) commenced this adversary proceeding in order to avoid and recover an alleged fraudulent conveyance by Debtor to Mrs. Harlin pursuant to 11 U.S.C. § 544(b)(1). Trustee's complaint involved two counts based on constructive fraud and actual fraud. In his complaint, Trustee alleged that the Debtor enhanced the value of the marital residence held by him and Mrs. Harlin as tenants by the entireties, to the detriment of his individual creditors, when on July 9, 2001, he made a single payment of $146,861.15 that paid off the mortgage debt on the marital residence. The marital residence is valued in Debtor's schedules at $350,000. Debtor made the payment with funds he obtained from the settlement of a wrongful discharge claim against his former employer.

On August 18, 2004, the Court denied Trustee's motion for summary judgment and granted Defendant's motion to dismiss. Trustee timely appealed this decision. On February 3, 2005, the District Court reversed the Court's decision and found that the Trustee was entitled to summary judgment against Mrs. Harlin as to constructive fraud. *See Wendy Turner Lewis v. Harlin (In re Harlin),* 321 B.R. 836 (E.D.Mich.2005). The District Court remanded the case "for proceedings consistent with [its] opinion." *Id.* at 845. The remand included "entry of judgment for the Trustee on its claim of constructive fraud and reinstatement of the Trustee's claim of actual fraud." *Id.*

On February 23, 2005, Trustee filed a motion for summary judgment limited to the constructive fraud count of her complaint. In the proposed order submitted with her motion, Trustee requested a judgment in the amount of $ 146,861.15, plus interest from the date the Debtor paid off the mortgage debt, and that the Trustee be authorized to administer and sell the marital residence. On March 24, 2005, the Court granted Trustee's motion for summary judgment as to constructive fraud and awarded a money judgment to the Trustee and against Mrs. Harlin in the

amount of $ 146,861.15 in accordance with 11 U.S.C. § 550(a). The Court also awarded interest commencing from the date of the District Court's Order. The Court denied the Trustee's request that she be authorized to administer and sell the entireties property. Trustee timely filed a motion for reconsideration of this order. The Court held a hearing on the Trustee's motion on May 10, 2005 and took the matter under advisement.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and by referral of the U.S. District Court for the Eastern District of Michigan pursuant to Local District Court Rule 83.50(a)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H) (fraudulent conveyance proceedings).

### Standard for Motion for Reconsideration

Local Bankruptcy Rule 9024-1 provides the standard the Court is to use to construe Plaintiff's motion. L.B.R. 9024-1(c) requires that a moving party establish (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition. L.B.R. 9024-1 (E.D.M.). *See also Ososki v. St. Paul Surplus Lines Ins., Co.,* 162 F.Supp.2d 714, 718 (E.D.Mich.2001)(citing *Marketing Displays, Inc. v. Traffix Devices, Inc.,* 971 F.Supp. 262, 278 (E.D.Mich.1997))(interpreting identical local rule of the District Court for the Eastern District of Michigan). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Id.* In addition, L.B.R. 9024-1(c) also provides that "a motion for rehearing or reconsideration which merely presents the same issues ruled upon by the Court either expressly or by reasonable implication, shall not be granted." L.B.R. 9024-1(c) (E.D.M.).

### Analysis

Trustee contends that palpable defects exist in the "Order Granting Plaintiff's Motion for Summary Judgment as to Constructive Fraud" (Order). First, Trustee argues that the Court's denial of the Trustee's request to sell the marital residence fails to follow Michigan case law and is contrary to her right to sell property of the estate under 11 U.S.C. § 363(h). Second, the Trustee contends that the Court's award of interest from the date of the District Court's Order is contrary to Mich. Comp. Laws Ann. § 600.6013(8), which requires that interest be awarded from the date of filing of the complaint in this proceeding.

In response, Defendant argues that the Court should deny the Trustee's motion because the Court's Order fully complies with the authority granted to it under Michigan's Uniform Fraudulent Transfer Act, specifically, Mich. Comp. Laws Ann. § 566.37(c).

The Court holds that its Order contains no palpable defect either with regard to the Court's ruling that there is no provision in the Bankruptcy Code that provides the Trustee with the right to sell this marital residence, or with regard to the Court's denial of an award of prejudgment interest.

#### A. Sale of the Marital Residence

 As a result of Debtor's bankruptcy filing, Trustee exercised her "strong arm" powers under the Code to avoid a transfer of Debtor's interest in property that could be "voidable under applicable law." 11 U.S.C. § 544(b)(1). The "under applicable law" relied on by the Trustee involved Michigan's Uniform Fraudulent Transfer Act. Mich. Comp. Laws Ann.

§§ 566.31 to 566.42. Having successfully avoided the transfer under Michigan law and recovered a money judgment against Mrs. Harlin pursuant to 11 U.S.C. § 550(a), the Trustee now seeks to collect on her judgment by requesting that the Court order the marital residence to be sold. Trustee contends that she possesses the right to sell the marital residence pursuant to 11 U.S.C. § 363.[1] Subsection (b)(1) of § 363 provides the Trustee with the right to sell property of the estate. 11 U.S.C. § 363(b)(1). Subject to certain conditions, the plain language of § 363(h) empowers the Trustee with the right to sell "the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner" in property held by a debtor as of the commencement date of a bankruptcy case. 11 U.S.C. § 363(h). A trustee's right under § 363(h) applies only to property of estate. Trustee argues that "both the Debtor's interest in the property and the interest of the Debtor's spouse are property of the estate." The Trustee misconstrues the extent of the estate's interest in the marital residence pursuant to 11 U.S.C. § 541(a).

*1. Estate's interest in the marital residence*

 It is well-settled that under 11 U.S.C. § 541(a), "entireties property is [brought] into the bankruptcy estate." *See Liberty State Bank and Trust v. Grosslight (In re Grosslight),* 757 F.2d 773, 775 (6th Cir.1985). Once entireties property is brought into a bankruptcy estate, a "debtor may exempt [entireties] property from property of the estate" pursuant to 11 U.S.C. § 522. "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case," subject to certain exceptions. 11 U.S.C. § 522(c). "Once the property is removed from the estate [through exemption], a debtor may use it as his own." *Hall v. Finance One of Georgia, Inc. (In re Hall),* 752 F.2d 582, 584 (11th Cir.1985) *abrogated on other grounds by Finance One v. Bland (In re Bland),* 793 F.2d 1172, 1174 (11th Cir. 1986) *(en banc ).*

Debtor chose to exempt his entireties interest in the marital residence from the bankruptcy estate to the extent permitted by Michigan law pursuant to 11 U.S.C. § 522(b)(2)(B). Trustee objected to Debtor's exemption of the marital residence.

**1.** The relevant portions of Section 363 state:

(b) (1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

. . . .

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363.

The Court overruled the Trustee's objection finding no grounds on which to deny the exemption. As a result of this ruling, Debtor's entireties interest in the marital residence was properly exempted and was no longer property of the estate subject to administration by the Trustee. *Spears v. Boyd (In re Spears)*, 313 B.R. 212, 217 (W.D.Mich.2004) (recognizing that entireties property is exemptible from the bankruptcy estate subject to timely objections to claimed exemptions being filed by joint creditors); *See also Gamble v. Brown (In re Brown)*, 168 F.3d 442, 444 (11th Cir. 1999) (finding that "[t]he plain language of the bankruptcy code ... [is] clear that exempt property is no longer part of the bankruptcy estate, and is available for the debtor's use." (citing 11 U.S.C. § 522(c) and (*l*); *In re Hall*, 752 F.2d at 584)); 3 *Collier on Bankruptcy* ¶ 383.08[2], at 363–60 and –61 (explaining that "[u]nder section 522(b)(2)(B), ... a debtor may exempt its interest in entireties property to the extent that the property is exempt from process under state law. Once exempted, as with any other exempt property, the trustee may not sell the debtor's interest in the property or, therefore, the interest of the co-owner.")

### 2. A trustee's right to sell estate property under 11 U.S.C. § 363(h)

Trustee argues that properly exempted entireties property may be sold pursuant to 11 U.S.C. § 363(h). As a general rule, courts have been very reluctant to apply 11 U.S.C. § 363(h) to allow the sale of entireties property owned by the debtor, and a non-debtor spouse. The case law is well summarized in *Collier on Bankruptcy* as follows:

> Disputes over the applicability of section(h) to tenancies by the entireties have created the largest number of reported cases under the section, perhaps because of the unique nature of the ownership interest, the variations among the states as to the nature of the interest and the rather draconian remedy that section 363(h) gives the trustee, contrary to the deep historical roots of the form of title, which is supposed to protect each spouse from the unilateral action of the other.... Thus, although generally speaking property held by the debtor as tenant by the entirety is subject to sale under section 363(b), courts have erected various obstacles to such sale.

3 *Collier on Bankruptcy* ¶ 363.08[2], at 363.60 (Lawrence P. King, ed., 15th ed., rev.2005).

The most common barrier to allowing a sale of entireties property is the absence of joint debt. This is consistent with the view of the Sixth Circuit Court of Appeals. In *Grosslight*, in the context of an objection to an exemption, the Sixth Circuit held that the entireties exemption did not protect a debtor and his nondebtor spouse from their joint creditors. *In re Grosslight*, 757 F.2d at 776.

■ A survey of cases addressing the Trustee's ability to sell entireties property under 11 U.S.C. § 363(h) reveals that the existence of joint creditors is a prerequisite to the exercise of the trustee's right. *See Grant v. Himmelstein (In re Himmelstein)*, 203 B.R. 1009, 1015–16 (Bankr. M.D.Fla.1996) (concluding "that only joint creditors can seek distribution under 11 U.S.C. § 363(h)"); *Price v. Harris*, 155 B.R. 948, 949–50 (Bankr.E.D.Va.1993) (stating that entireties property may be administered by a bankruptcy trustee for the benefit of joint creditors under 11 U.S.C. § 363(h)); *In re Wickham*, 127 B.R. 9, 11 (Bankr.E.D.Va.1990) (reasoning that "the debtor's claim of exemption may be required to give way to the trustee's administration of the subject tenancy by the entirety property insofar as there are

joint creditors of the debtor" and his spouse).

■ The Court is persuaded by the reasoning contained in these cases. Trustee cites no cases that construe § 363(h) so as to allow the sale of entireties property in the absence of joint debt. The Court holds that when only one spouse files bankruptcy, a trustee will not be able to sell entireties property under § 363(h) in the absence of joint creditors.

Once a trustee establishes that a debtor and non-debtor spouse are jointly indebted to a creditor, a trustee must still establish the requirements of § 363(h)(1) through (4) before a court may approve the sale of estate property. The most difficult condition for a trustee to establish is that "the benefit of the estate of the sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." *Comty. Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 19 (2nd Cir.1989). In addressing a creditor's argument about the factors to be considered when weighing the possible detriment to a co-owner of a § 363(h) sale, the *Persky* court explained:

[t]he Bank insists that in many cases a non-debtor co-owner will not be ousted from the marital property because he can re-purchase it rather easily considering the amount of equity he already has in it.

Adopting the Bank's proposition would mean that there is never any detriment to a co-owner resulting from a forced sale because §§ 363(*l*) and (j) provide that the co-owner will receive his share of the equity from the proceeds of the sale, and in addition must be given a right of first refusal once a final bid is made on the property. This analysis has little rhyme or reason because, if it is correct, Congress' direction in § 363(h) requiring a balancing of detri-

ment and benefit would be meaningless. Since first refusal rights, a co-owner's right to her share of the proceeds, and the balancing test are all included in the statute, it is obvious that Congress was acutely concerned with the potential harshness that § 363(h) might create. Hence, it seems evident that in valuing detriment to the co-owner, § 363(h)'s balancing test should include non-economic factors.

*In re Persky*, 893 F.2d at 20–21 (citations omitted). *See also Berland v. Gauthreaux (In re Gauthreaux)*, 206 B.R. 502 (Bankr. N.D.III.1997); *Price v. Harris (In re Harris)*, 155 B.R. 948 (Bankr.E.D. Virginia 1993).

### 3. Trustee cannot establish that the benefit to the estate outweighs the detriment to Mrs. Harlin

■ It is undisputed that the Trustee could establish the conditions imposed in § 363(h)(1), (2), and (4). The property at issue is the marital residence of the Debtor and Mrs. Harlin. It is a single family residence. Partition of the marital residence is impracticable. *See In re Gauthreaux*, 206 B.R. at 505; *In re McCoy*, 92 B.R. 750, 751 (Bankr.N.D.Ohio 1988). Since the Debtor and Mrs. Harlin occupy the marital residence the sale of the "undivided interest in the property would likely realize significantly less for the estate than sale of such property free of the interest of the co-owner." *In re Gauthreaux*, 206 B.R. at 505. The marital residence is not used in the production, transmission, or distribution for sale of electrical energy or of natural or synthetic gas for heat, light, or power. 11 U.S.C. § 363(h)(4).

■ However, the condition imposed on the Trustee by 11 U.S.C. § 363(h)(3) is impossible for the Trustee to meet. First, the estate will not benefit from the sale of the marital residence. The estate's inter-

est in Debtor's entireties property is limited "to that portion of entireties property reachable by joint creditors." *In re Grosslight*, 757 F.2d 773, 776 (6th Cir.1985); *See also Sumy v. Schlossberg*, 777 F.2d 921, 928 (4th Cir.1985) (applying Maryland law). Debtor represented in his schedules that he has eleven creditors holding claims solely against him. The majority of these claims represent Debtor's business debt. The only joint debt listed by Debtor is a property tax lien held by the City of Troy against the marital residence in the amount of $ 3,500. As a result, the City of Troy, a joint creditor, may reach "that portion of [the] entireties interest" in the marital residence. *In re Grosslight*, 757 F.2d at 776. The only creditor to receive a benefit from Trustee's § 363(h) sale would be the City of Troy. Even then, under Michigan law, a joint creditor may reach entireties property subject only to a separate $ 3,500 homestead exemption. *In re Spears*, 313 B.R. at 218 (citing Mich. Const. art. 10, § 3). Since the joint liability is equal to the amount Mrs. Harlin could exempt under state law, the economic benefit to the estate is non-existent. Second, the potential detriment to Mrs. Harlin of the Trustee's sale of the marital residence is enormous. Mrs. Harlin is not the Debtor. With the exception of the $ 3,500 property tax obligation, the debts the Trustee seeks to pay with the proceeds from the sale of the marital residence are not Mrs. Harlin's debts. Debtor and Mrs. Harlin owned the marital residence as tenants by the entireties for years prior to the filing of Debtor's bankruptcy. The detriment imposed on Mrs. Harlin by forcing her out of her home to pay her husband's

business debts far outweighs any benefit to the estate. While the Court recognizes a trustee's right to administer property of the estate under § 363(h), the facts and circumstances of this proceeding prevent the Trustee from exercising this right. The Court concludes that the Trustee cannot establish the condition imposed by § 363(h)(3).

### 4. Remedies under Michigan law

 Trustee contends that Michigan law compels this Court to grant Trustee's request to sell the marital residence. Trustee argues that the sale of the marital residence is a remedy provided by Michigan law, which is encompassed within 11 U.S.C. § 544(b)(1). In support of her argument, Trustee interprets several Michigan decisions as providing her with such a remedy.[2] Trustee's reliance on these cases is misplaced since the Code, not state law, governs the remedies available to the Trustee. In the Sixth Circuit, avoidance and recovery are two distinct statutory remedies. *Suhar v. Burns*, 322 F.3d 421 (6th Cir.2003). Avoidance of a fraudulent transfer or conveyance is governed by 11 U.S.C. § 544(b)(1). There is no substantive language in § 544(b)(1) for a court to use to determine whether a transfer is voidable. Instead, it incorporates and makes applicable nonbankruptcy law. In this proceeding, the Trustee relied on Michigan's Uniform Fraudulent Transfer Act, specifically, Mich. Comp. Laws Ann. §§ 566.31 and 566.34 to successfully avoid a transfer. The District Court found that the pay off of the mortgage debt constituted constructive fraud as to Mrs. Harlin and avoided the transfer of

---

**2.** While the cases cited by the Trustee hold that the creation or enhancement of entireties property by an insolvent debtor may constitute fraud, none of the cases involve an avoidance action brought in federal court under federal law. *Glazer v. Beer*, 343 Mich. 495, 72 N.W.2d 141 (1955); *Dunn v. Minnema*, 323 Mich. 687, 36 N.W.2d 182 (1949); *McCaslin v. Schouten*, 294 Mich. 180, 292 N.W. 696 (1940); and *Newlove v. Callaghan*, 86 Mich. 297, 48 N.W. 1096 (1891).

$ 146,861.15 made by the Debtor. However, once the transfer is avoided, the liability of the party who benefitted from the transfer is controlled by 11 U.S.C. § 550, *not* state law. The bankruptcy code at 11 U.S.C. § 550 provides:

**Liability of transferee of avoided transfer**

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

11 U.S.C. § 550(a).

This Court's "Order Granting Plaintiff's Motion for Summary Judgment as to Constructive Fraud" stated:

> [s]ince Defendant was the beneficiary of enhanced equity in the marital home, the District Court held that the Trustee was entitled to a judgment against Defendant. However, the property transferred is money, that is the $ 146,861.15 which was utilized to pay off the mortgage on the entireties property.

Trustee pled in his complaint avoidance of the transfer pursuant to § 544(b)(1) and recovery under § 550(a). Contrary to the Trustee's current position, the plain language of § 550(a) controls the issue of the liability of a beneficiary. Section 550(a) limits the Trustee, in this proceeding, to the recovery of money.

B. *Award of prejudgment interest*

■ In the Court's Order, Trustee obtained an award of interest "at the prevailing federal judgment rate from February 3, 2005, the date on which the District Court entered judgment in the Trustee's favor." Trustee contends that she should have received an award of prejudgment interest calculated from the date she filed her complaint. Trustee argues that since she brought this proceeding "under the State of Michigan Uniform Fraudulent Transfer Act," she is entitled to interest under Michigan's interest statute, specifically, Mich. Comp. Laws Ann. § 600.6013(8) and *Phinney v. Verbrugge,* 222 Mich.App. 513, 564 N.W.2d 532 (1997). The Court rejects the Trustee's argument. Again, the Trustee is confusing her ability to bring an avoidance action under § 544(b)(1) with the remedies available once a transfer has been avoided. The Trustee obtained her judgment in federal court and her right to interest is controlled by federal law.

The Code does not address an award of pre- or post-judgment interest in avoidance actions. An award of post-judgment interest on a federal court judgment in an action that relies on state law is provided by 28 U.S.C.A. § 1961(a), which states:

> [i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[,] the date of the judgment.

28 U.S.C.A. § 1961(a).

■ A bankruptcy court is a "unit" of a district court. 28 U.S.C. § 151. 28 U.S.C.A. § 1961(a) applies to bankruptcy court judgments. There is not a similar federal statute that provides for an award of prejudgment interest on a federal court

judgment.[3] Some bankruptcy courts have exercised their equitable discretion to award prejudgment interest and set the prejudgment interest rate based on 28 U.S.C.A. § 1961(a). *Dayton Title Agency, Inc. v. White Family Cos., Inc. (In re Dayton Title Agency, Inc.)*, 292 B.R. 857 (Bankr.S.D.Ohio 2003); *Pereira v. Landau (In re Harvard Knitwear, Inc.)*, 174 B.R. 16 (Bankr.E.D.N.Y.1994); *Bash v. Schwartz (In re Schwartz Furniture Co., Inc.)*, 131 B.R. 623 (Bankr.N.D.Ohio 1991).

■ The Court declines to exercise its equitable discretion because this issue is not before the Court. The Trustee failed to raise any equitable argument as to why she is entitled to prejudgment interest. Trustee is entitled to post-judgment interest as awarded by the Court in its prior Order.

### Conclusion

Being fully advised in the premises and for the reasons stated above, Trustee's motion is DENIED.

**3.** The only circumstance in which a federal court applies a state's interest statute is when a federal court is exercising diversity jurisdiction. *Sloan v. Finsilver Assoc., Inc.*, 208 F.Supp.2d 744 (E.D.Mich.2002) (citing *FDIC v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir.2000)). This Court does not have diversity jurisdiction.