John J. KEEFE, III, Debtor.

Donald R. Lassman, Chapter 7 Trustee,
Plaintiff–Appellee/ Cross–
Appellant,

v.

Erika Keefe, Defendant–
Appellant/Cross–
Appellee.

BAP Nos. 08–053, 08–060.
Bankruptcy No. 05–11781–JBR.
Adversary No. 05–01526–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

Feb. 23, 2009.

William McElligott, Esq., on brief for Appellant/ Cross–Appellee.

Victor Bass, Esq., and Diane A.D. Noël, Esq., on brief for Appellee/ Cross–Appellant.

Before HAINES, DEASY, and TESTER, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

This appeal arises from the bankruptcy court's judgment (the "Judgment") in favor of Donald R. Lassman, chapter 7 trustee (the "Trustee"), in a fraudulent transfer action against the debtor's wife, Erika Keefe (the "Appellant"). The Appellant has raised only one issue on appeal:[1] Whether the successor bankruptcy judge, who was assigned the case after the trial was completed, abused his discretion by rendering a decision without ordering a new trial. The Trustee has filed a cross-appeal relating to the interest rate awarded by the bankruptcy court. For the reasons set forth below, we affirm the Judgment on the merits, but vacate and remand the Judgment to the extent it awarded prejudgment interest at the federal statutory rate.

## BACKGROUND

John J. Keefe, III (the "Debtor"), filed a chapter 7 petition in March, 2005,[2] and the Trustee was duly appointed. Thereafter, the Trustee filed an adversary complaint

---

1. The Appellant has not raised any issues regarding the merits of the fraudulent transfer action and, therefore, they are waived on appeal. *See Tower v. Leslie–Brown,* 326 F.3d 290, 299 (1st Cir.2003) ("[W]e have made it abundantly clear that failure to brief an argument does, in fact, constitute waiver for pur-

poses of appeal."); *Ortiz v. Gaston Co. Dyeing Mach. Co.,* 277 F.3d 594, 598 (1st Cir.2002).

2. The Debtor's case was commenced prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, Title III, § 302, 119 Stat. 23 (2005). Accordingly, unless expressly stated otherwise, all references

seeking to avoid and recover a $90,000 transfer made by the Debtor to his wife pursuant to §§ 544 and 550, and Mass. Gen. Laws ch. 109A, §§ 5 & 6. After a one-day trial, the bankruptcy court took the matter under advisement, and both parties subsequently filed post-trial briefs in accordance with the bankruptcy court's order.

Before the bankruptcy court rendered a decision, the matter was transferred to another bankruptcy judge, who, on March 13, 2008, issued a certification pursuant to Bankruptcy Rule 9028 (the "Certification") notifying the parties that he had reviewed the docket, pleadings, and trial transcript and had determined that the matter could be completed without prejudice to the parties. Neither party objected nor otherwise responded to the Certification.

On April 29, 2008, more than six weeks after issuing the Certification, the bankruptcy court issued an order and an accompanying Memorandum of Decision finding in favor of the Trustee and against the Appellant in the amount of $90,000, plus "interest and costs." Two months later, the bankruptcy court entered the Judgment, ordering that the Trustee recover from the Appellant "the sum of $90,000.00, plus interest thereon at the [federal] statutory rate of 2.57 percent per annum from September 19, 2005, the date on which this adversary proceeding was commenced, and costs in the amount of $570.60."

The Appellant filed a notice of appeal from the Judgment, and the Trustee filed a notice of cross-appeal as to the interest rate awarded by the bankruptcy court.

### *JURISDICTION*

Before addressing the merits of a dispute, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 646 (citations omitted), whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy court's judgment in a fraudulent transfer adversary proceeding "is the quintessential final order . . . ." *See Nickless v. Conley (In re Byers)*, 304 B.R. 1, 2 (1st Cir. BAP 2004).

### *STANDARD OF REVIEW*

We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.[3] *See T.I. Fed.*

---

to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" shall be to the Federal Rules of Civil Procedure.

**3.** Where factual findings are based on determinations regarding the credibility of witnesses, the Panel generally accords even greater deference to the trial court's findings. *See* Fed. R. Bankr.P. 8013; *Rodriguez–Morales v. Veterans Admin.*, 931 F.2d 980, 982 (1st Cir.1991). However, we decline to do so where the bankruptcy court did not have the opportunity to observe witness testimony first

*Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). A finding is clearly erroneous when, although there is evidence to support it, the Panel is left with the definite impression that a mistake has been made. *See Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.),* 231 B.R. 829, 830–31 (1st Cir. BAP 1999).

The Panel reviews a successor judge's decision to decide a case after a trial conducted by another judge for an abuse of discretion. *See Riley v. National Lumber Co. (In re Reale),* 393 B.R. 821, 825 (1st Cir. BAP 2008) (citing cases); *see also* Fed. R. Bankr.P. 9028 (providing that if a judge conducting a trial is unable to proceed, any other judge may proceed upon satisfaction of certain requirements). Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them. *See Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church,* 499 F.3d 32, 43–44 (1st Cir.2007). In addition, whether state or federal law applies to determine the amount and availability of prejudgment interest is a purely legal question and is reviewed *de novo. See Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.,* 513 F.3d 949, 954 (9th Cir.2008) (citing *McCalla v. Royal MacCabees Life Ins. Co.,* 369 F.3d 1128, 1129–30

(9th Cir.2004)); *see also SEB S.A. v. Sunbeam Corp.,* 476 F.3d 1317, 1319 (11th Cir.2007).

## *DISCUSSION*

### I. The "Successor Judge" Issue

The Appellant argues that the bankruptcy court abused its discretion by proceeding to decision on the record without ordering a new trial or recalling witnesses because due process requires a new trial. She argues that the problem is particularly "extreme" here because the successor judge expressly stated that he considered, *inter alia,* the "demeanor and credibility of all witnesses" despite the fact that he did not hear any live testimony.

Federal Rule of Civil Procedure 63 ("Rule 63"), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9028, provides that:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed.R.Civ.P. 63.[4] The requirements are straightforward: the successor judge in a nonjury trial may proceed with a matter if

hand, but instead based its findings on review of the record. *See Riley v. National Lumber Co. (In re Reale),* 393 B.R. 821, 825 n. 4 (1st Cir. BAP 2008).

4. Prior to being amended in 1991, Rule 63 was much narrower and courts interpreted it to require a successor judge to hold a new trial where the matter was a nonjury trial and the trial judge had become unavailable after

the trial concluded but before issuing findings and conclusions. The pre–1991 version of Rule 63 did not include a procedure whereby parties could request that witnesses be recalled. The qualifying language of the amended Rule 63, however, assures that due process will not be violated when the judge proceeds without ordering a new trial.

he (1) certifies his familiarity with the case and his determination that the case may proceed without prejudice to the parties, and (2) recalls any witness whose testimony is material and disputed *if so requested.* *See id.;* Fed. R. Bankr.P. 9028; *Hoult v. Hoult,* 57 F.3d 1, 8–9 (1st Cir.1995) (concluding that successor judge satisfied requirements of Rule 63 where he certified familiarity with record and neither party objected to his proceeding on record).

In *Reale,* a case procedurally identical to this case, the Panel recently determined that the successor judge fulfilled the requirements of Bankruptcy Rule 9028 by issuing the requisite certification and then proceeding in the absence of any objection.[5] The *Reale* panel concluded:

> The successor judge fulfilled Bankruptcy Rule 9028's requirements. He issued the requisite certification. He had no duty to recall witnesses as neither party asked him to do so. [The appellee] does not complain that it was given inadequate notice or insufficient time to react to the certification.

393 B.R. at 826.

▆ The successor judge similarly fulfilled Bankruptcy Rule 9028's requirements here. He issued the requisite certification stating that he had reviewed the docket, the pleadings, and transcript and was familiar with the same, and that he determined that the adversary proceeding could be completed without prejudice to the parties. Although the Appellant had six weeks to request that the successor judge recall witnesses or order a new trial, she did not do so. Nor does she claim that she received inadequate notice or that she had insufficient time to respond to the

Certification. Consequently, as neither party requested the bankruptcy court to recall witnesses or to order a new trial, the successor judge had no obligation to do so. There was no due process violation.

The Appellant also makes much of the bankruptcy court's statement that its analysis included consideration of the witnesses' demeanor and credibility, without having had a chance to observe any live testimony. In *Reale,* the successor judge made a similar statement, and we determined that it was not fatal to his findings, stating:

> The judge did state that his analysis included consideration of the witnesses' demeanor and credibility. We concede that, although credibility can be assayed in this case by considering the witnesses' words and motives, observing their demeanor from the cold record would be impossible. We consider the judge's use of the term "demeanor" unfortunate in this case, but far from fatal to his findings. It was probably included inadvertently—and harmlessly....

*Reale,* 393 B.R. at 826 n. 5. The same reasoning applies here.

## II. The Interest Issue

The Trustee argues that the bankruptcy court erred in calculating prejudgment and postjudgment interest at the federal rate prescribed by 28 U.S.C. § 1961(a). According to the Trustee, "§ 1961(a) at best governs postjudgment interest only" and that the bankruptcy court should have applied Massachusetts law in assessing both prejudgment and postjudgment interest. The Debtor has not addressed this issue.[6]

---

5. Both *Reale* and the present case involved the same successor judge and almost identical certifications. An appeal of the *Reale* decision is currently pending before the First Circuit Court of Appeals. *See Reale,* 393 B.R.

821, *appeal docketed,* No. 08–9010 (1st Cir. September 15, 2008).

6. The Debtor did not file a reply brief addressing this issue.

## A. Postjudgment interest

Postjudgment interest is governed by 28 U.S.C. § 1961(a), which provides: "Interest shall be allowed on any money judgment in a civil action recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment." A bankruptcy court is a "unit" of the district court, and, therefore, 28 U.S.C. § 1961(a) applies to bankruptcy court judgments. *See Lewis v. Harlin (In re Harlin)*, 325 B.R. 184, 192–93 (Bankr. E.D.Mich.2005). Because postjudgment interest is mandated by federal statute, a prevailing party in a bankruptcy court action is automatically entitled to postjudgment interest regardless of whether postjudgment interest is referenced in the pleadings, a court's order or monetary judgment. *See Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir.1998). Moreover, federal law governs the rate of postjudgment interest on a federal court judgment even in an action otherwise governed by state law. *See Loft v. Lapidus*, 936 F.2d 633, 639 (1st Cir.1991) (postjudgment interest is determined by federal law, not state law, even in diversity cases); *see also Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842, 849 (8th Cir.1992); *Pereira v. Private Brands, Inc. (In re Harvard Knitwear, Inc.)*, 193 B.R. 389, 399 (Bankr.E.D.N.Y.1996). Accordingly, the bankruptcy court did not err in awarding postjudgment interest at the federal statutory rate prescribed by 28 U.S.C. § 1961(a).

## B. Prejudgment interest

Neither the Bankruptcy Code nor the United States Code contain a general statute granting prejudgment interest.

Therefore, prejudgment interest is generally subject to the court's discretion depending on the equities of the case. *See Neponset River*, 231 B.R. at 835. The purpose of prejudgment interest is not punitive but compensatory, and the court may award prejudgment interest to make the injured party "whole." *See id.* Because these interests are "paramount" in preference and fraudulent conveyance proceedings, "courts have traditionally awarded prejudgment interest to a trustee who successfully avoids a preferential or fraudulent transfer from the time demand is made or an adversary proceeding is instituted." *Id.* at 835. Therefore, the question becomes what is the applicable rate of prejudgment interest—the federal or state rate?

Federal courts addressing the choice of law question often look to the source of a plaintiff's claim when determining the governing law of prejudgment interest: if federal law gives rise to the claim, federal law governs the rule of prejudgment interest to be applied.[7] *See Segal v. Gilbert Color Sys., Inc.*, 746 F.2d 78, 82–86 (1st Cir.1984) (noting that award of prejudgment interest in an action arising under a federal statute is a matter of federal law). Similarly, if state law is the source of the claim then state law supplies the applicable rule of prejudgment interest. *See Pereira v. Goldberger (In re Stephen Douglas, Ltd.)*, 174 B.R. 16, 22 (Bankr.E.D.N.Y.1994) (where "the judgments are predicated on New York substantive law ... prejudgment interest will be allowed ... at the New York [interest] rate").

Courts have reached different conclusions regarding whether federal or state law governs prejudgment interest in fraud-

---

7. For example, courts generally award prejudgment interest at the federal rate prescribed in 28 U.S.C. § 1961(a) on preference recoveries arising under § 547 of the Bank- ruptcy Code. *See, e.g., Neponset River*, 231 B.R. at 835; *see also Gray v. Oppenheimer & Co. (In re Molten Metal Tech., Inc.)*, 262 B.R. 172, 182 n. 1 (Bankr.D.Mass.2001).

ulent transfer actions. Many have applied the state law interest rate for determining prejudgment interest on fraudulent transfer judgments arising under § 544(b). *See, e.g., Von Gunten v. Neilson (In re Slatkin),* 243 Fed.Appx. 255, 259 (9th Cir. 2007) (citing *Acequia, Inc. v. Clinton (In re Acequia, Inc.),* 34 F.3d 800, 818 n. 4 (9th Cir.1994)) (applying state law to determine prejudgment interest in case arising under § 544(b)); *Geltzer v. Artists Mktg. Corp. (In re The Cassandra Group),* 338 B.R. 583, 600 (Bankr.S.D.N.Y.2006) (concluding that because avoidance of a fraudulent transfer under § 544(b) is predicated on state substantive law, state law determines rate of prejudgment interest); *Geremia v. North Atl. Fishing, Inc. (In re Reposa),* 186 B.R. 775, 777 (Bankr.D.R.I.1995) (awarding prejudgment interest at rate provided by state law and postjudgment interest at federal rate); *Stephen Douglas,* 174 B.R. at 22. Other courts, however, have concluded that federal law is the applicable law for determining prejudgment interest on a fraudulent transfer judgment arising under § 544(b). *See, e.g., CNB Int'l, Inc. v. Kelleher (In re CNB Int'l, Inc.),* 393 B.R. 306, 336 (Bankr.W.D.N.Y. 2008) (applying federal interest rate because the right to recover prejudgment interest on a fraudulent conveyance arises from § 550); *Brown v. Phillips (In re Phillips),* 379 B.R. 765, 789 (Bankr.N.D.Ill. 2007); *Harlin,* 325 B.R. at 192–93; *Floyd v. Dunson (In re Ramirez Rodriguez),* 209 B.R. 424, 434 (Bankr.S.D.Tex.1997) (awarding interest on the entire fraudulent transfer judgment arising under §§ 544(b), 550 and 548 at the federal rate). Where state law provides the substantive basis for a judgment, the Panel holds that state law should govern the determination of prejudgment interest.

This action was brought concurrently under federal (§§ 554(b) and 550) and state law (Massachusetts fraudulent conveyance statute). However, § 544(b) is the provision that allows the trustee in the instant case to assert his Massachusetts fraudulent transfer claim and § 550 simply identifies the entities from whom recovery may be made. Therefore, neither § 544(b) nor § 550 is the substantive basis for the judgment; rather, the substantive basis is the Massachusetts fraudulent conveyance statute. Therefore, as state law is the substantive law for the fraudulent transfer judgment, the bankruptcy court should have looked to state law to determine the applicable rate of prejudgment interest.

Mass. Gen. Laws ch. 231, § 6B, governs the award of prejudgment interest in tort actions. *See Gen. Elec. Co. Bus. Lighting Group v. Halmar Distribs., Inc. (In re Halmar Distribs., Inc.),* 232 B.R. 18 (Bankr.D.Mass.1999) (citing *Sugarman v. Sugarman,* 797 F.2d 3, 14 (1st Cir.1986)). The statute provides:

> In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of the court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.

Mass. Gen. Laws ch. 231, § 6B. Based on the foregoing, the bankruptcy court should have awarded prejudgment interest at the Massachusetts rate of 12% from the date on which the Trustee sued the Appellant.

### *CONCLUSION*

For reasons set forth above, the Judgment is **AFFIRMED IN PART** and **VACATED IN PART.** The Judgment is **VACATED** to the extent it awarded pre-

judgment interest at the federal statutory rate, and **REMANDED** with instructions to recalculate prejudgment interest at the applicable rate provided by Massachusetts state law.