

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# In Re: Brannon

Precedential or Non-Precedential: Precedential

Docket No. 05-4600

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Brannon " (2007). *2007 Decisions.* Paper 1550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-4600 & 05-5060
_____

IN RE:

KENNETH E. BRANNON
KATHY FICK SIPPOLA,
Appellants in 05-4600

IN RE: THOMAS MICHAEL LEWIS, ET AL.,
Debtors

THOMAS MICHAEL LEWIS;
SHERRY MICHELLE LEWIS,
Appellants in 05-5060
_____

Paul W. Johnson, Esquire (ARGUED)
420 Temple Building
New Castle, PA   16101
Attorney for Appellants


Tamera Ochs Rothschild, Esquire (ARGUED)
314 S. Franklin Street, Suite A
Titusville,  PA  16354

Attorney for Appellee in 05-4600

Of Counsel:
Charles O. Zebley, Jr., Trustee
Zebley, Mehalov & White, P.C.
18 Mill Street Square
P.O. Box 2123
Uniontown,  PA  15401
Attorneys for Appellee in 05-5060

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. Nos. 05-cv-00948 and 05-cv-01336)
District Judges:  Honorable Terrence F. McVerry
and Honorable Arthur J. Schwab

_____

Argued October 26, 2006
Before:  SMITH, WEIS and NYGAARD, Circuit Judges.

(Filed: February 7, 2007)
_____

OPINION
_____

WEIS, Circuit Judge.

2

These two bankruptcy appeals ask us to determine the "aggregate interest," for purposes of claiming a bankruptcy exemption, that one spouse holds in property owned as a tenant by the entirety under Pennsylvania law. In both cases, the District Court concluded that a spouse is entitled to no more than 50% of the value of entireties property claims as an exemption. We conclude that the Bankruptcy Code neither compels nor allows such a severance of the undivided interest a spouse holds in the whole of entireties property, and accordingly we will reverse.[1]

I.

## Brannon

Kenneth and Kathy Brannon filed a joint petition for Chapter 7 relief in the Bankruptcy Court for the Western District of Pennsylvania.[2] They listed in their bankruptcy schedule the real and personal assets they owned as tenants by the entireties at the time of filing. Among the entireties property listed was a stock portfolio valued at $15,796.00 that they sought to exempt. They also identified several other items they wished to exclude

---

[1]The two cases present the same issue in their respective appeals. We therefore consolidate them and treat them in the same opinion.

[2]When spouses file a joint Chapter 7 petition, two separate bankruptcy estates are created. See, e.g., Bunker v. Peyton, 312 F.3d 145, 150 (4th Cir. 2002). The court may thereafter determine to substantively consolidate the cases, see 11 U.S.C. § 302(b), but that did not occur here.

from the bankruptcy estate. The wife sought to exempt $10,200 of the portfolio and the husband $1,150. $4,446 remained in the account and available to the trustee.[3] The trustee objected, asserting that the wife was merely a "co-owner" of the portfolio and thus only entitled to exempt one-half of its value.

The bankruptcy judge sustained the trustee's objection, reasoning that "[t]he presumption is that each spouse is a one-half owner of the tenancy by the entirety asset." He based this on the rationale that "[u]pon divorce of the parties, the asset is equally owned by the parties and the ownership becomes an ownership in common." Id. The judge seemingly assumed that the filing of a bankruptcy petition, like a divorce, transformed the spouses' entireties interests into an ownership in common. He further stated that "[n]o basis is stated why the [w]ife has been or should become owner of more than one half of the asset."

### Lewis

The facts in the Lewis case are substantially similar. Thomas and Sherry Lewis also filed a joint Chapter 7 petition in the Bankruptcy Court for the Western District of Pennsylvania. They included in their schedule a 6.5 acre parcel of realty valued at $3,000 that they owned as tenants by the entireties. The wife sought to exempt the entire value of the parcel; her husband made no claim with respect to it. The wife also asserted an

---

[3]The debtors also listed the equity in their home of $13,734 in their Schedule C. No issue about that asset has been raised in this appeal.

4

exemption for more than 50% of the value of certain items of personal property the debtors owned as tenants by the entireties.

It appears that the parties chose this arrangement because the husband wished to exhaust his exemptions by applying them to items that he owned individually, such as a car, truck, and checking account.[4]  The trustee objected to the unequal allocation, contending that exemptions for property held as tenants by the entireties should be divided equally between the debtors.

The bankruptcy judge, relying on the ruling in Brannon, decided two months earlier, held that each debtor could exempt only 50% of the parcel owned as a tenant by the entireties. Citing Pennsylvania law on tenancy by the entireties, he concluded that "[k]eeping these legal precepts in mind, we do not see how debtors may 'allocate' all the value of entireties property to one spouse and none of the value to the other."

In both cases, the District Court affirmed and timely appeals followed.

## **II.**

We have jurisdiction pursuant to 28 U.S.C. § 158(d) and exercise plenary review over an appropriate order issued by a district court in an appeal from a bankruptcy judge's ruling.  In

---

[4]The wife had available exemptions of $10,225.  Of that sum, she utilized $6,859 to shield certain personalty, leaving $3,336 which she sought to apply to the parcel of realty valued at $3,000.

5

re Kaiser Aluminum Corp., 456 F.3d 328, 334 (3d Cir. 2006). We review a bankruptcy judge's conclusions of law de novo. Id.

III.

Before addressing the bankruptcy issues presented in this case, it will be helpful to have a brief sketch of relevant tenancy by the entireties principles. In Pennsylvania, a tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife. It is a venerable common law doctrine of ancient vintage, based on the legal fiction that husband and wife are one person. The essential characteristic is that "each spouse is seised per tout et non per my, i.e., of the whole or the entirety and not of a share, moiety or divisible part." In re Gallagher's Estate, 43 A.2d 132, 133 (Pa. 1945) (citations omitted). As the author of a respected treatise explains,

> "[H]usband and wife are looked upon, together, as a single entity, like a corporation. The single entity is the owner of the whole estate. When the husband or wife dies, the entity continues, although it is now composed of only one natural person rather than two."

Ladner on Conveyancing in Pennsylvania, § 1.08 at 16 (John Makdisi, ed., rev. 4th ed. 1979). Further, "neither tenant by the entirety owns any undivided share at all; both together, as a single entity, own the whole, or entire, estate." Id.

Entireties property may not be accessed by the creditors of only one spouse. As the Pennsylvania Supreme Court explained in Madden v. Gosztonyi Savings & Trust Co., 200 A.

6

624 (Pa. 1938), with respect to property owned by the entireties, neither spouse "has any individual portion which can be alienated or separated, or which can be reached by the creditors of either spouse." Id. at 627-628; see also Patwardhan v. Brabant, 439 A.2d 784, 785 (Pa. Super. 1982).

It is presumed that each tenant by the entirety may, without specific consent, act individually on behalf of both. Madden recognized that "either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated." Madden, 200 A.2d at 630-31. In that case, the Pennsylvania Supreme Court held that a spouse could consent to the reorganization of a bank that held an account he owned by the entireties. Id. at 626, 631.

A spouse may act on behalf of both spouses with respect to entireties property as long as the tenancy remains intact. The only established ways in which it may be severed, other than by the death of one of the spouses, are "a joint conveyance of the estate, divorce, or mutual agreement, either express or implied." Clingerman v. Sadowski, 519 A.2d 378, 381 (Pa. 1986) (internal citations omitted).

Pennsylvania courts have found an implied agreement to sever a tenancy where a spouse wrongfully appropriated entireties properties for individual benefit or excluded the other spouse from enjoyment of the asset. See Id. at 381-82 (Pa. 1986). For example, in Steminski v. Steminski, 169 A.2d 51 (Pa. 1961), the court reasoned:

> "A violation of the rules by one spouse's appropriating the property to his own use works a revocation of the estate [by the entireties] by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; the property is then fit for accounting and division."

Id. at 53.

In Johnson v. Johnson, 908 A.2d 290 (Pa. Super. Ct. 2006), the Pennsylvania Superior Court noted that the presumption that one may act on behalf of the whole remains only "so long as both spouses share the proceeds, and neither spouse may appropriate property for his or her own use, to the exclusion of the other spouse, without the consent of the other spouse." Id. at 295 (citations omitted).

Thus, the "presumption may be rebutted by evidence that the spouse acting was not in fact authorized by the other spouse." Kennedy v. Erkman, 133 A.2d 550, 553 (Pa. 1957). Absent the other's consent, a spouse may not unilaterally convey property to another party nor appropriate property for his or her own use, to the exclusion of the other. Shapiro v. Shapiro, 224 A.2d 164, 172 (Pa. 1966).

Having examined the law surrounding tenancies by the entireties in Pennsylvania, we may now discuss the effect that filing for bankruptcy has on the interest a spouse has in entireties holdings. Under 11 U.S.C. § 541(a)(1), "all legal and equitable interests that a debtor holds in property at the commencement of a bankruptcy case" are included in the bankruptcy estate.

8

We have held that § 541(a) is "certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety." Napotnik v. Equibank & Parkvale Savings Ass'n, 679 F.3d 316, 318 (3d Cir. 1982).

Although entireties property may be initially included in a bankruptcy estate, the process does not end there because a debtor may exempt certain holdings pursuant to § 522.

The Bankruptcy Code provides two alternative plans of exemption. Under § 522(b)(2)[5], a debtor may elect the specific federal exemptions listed in § 522(d) ("federal exemptions") or, under § 522(b)(3), may choose the exemptions permitted, inter alia, under state law and general (nonbankruptcy) federal law ("general exemptions").

Debtors may select either alternative, unless a state has "opted out" of the federal exemptions category. Pennsylvania has not done so and thus debtors are entitled to claim exemptions under either the general or federal methods.

A debtor who chooses to use the general exemptions may claim an exemption in "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable

---

[5]Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, P.L. 109-8; 119 Stat 23, § 522(b)(1) was renumbered § 522(b)(2) and § 522(b)(2)(B) was renumbered § 522(b)(3)(B), but otherwise remained unchanged. All references are to the amended statute.

9

nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). See also O'Lexa v. Zebley No. 06-2254 (filed concurrently with this opinion).

Where spouses are joint debtors they may not claim the general exemption in § 522(b)(3)(B) for property they hold by the entireties. In Napotnik, 679 F.2d at 320, we held that where a creditor had claims against both husband and wife jointly one spouse could not exempt the entire value of property held by the entireties because "in Pennsylvania entirety property may be reached by creditors to satisfy the joint debts of husband and wife." Id. We thus concluded, "In this respect at least, such property is not exempt from process in Pennsylvania." Id.

Nevertheless, filing a bankruptcy petition does not sever a tenancy by the entirety and thus an individual spouse may be able to exempt the whole of entireties property from the bankruptcy estate in some circumstances. Bunker v. Peyton, 312 F.3d 145 (4th Cir. 2002) presented a situation in which husband and wife filed joint bankruptcy petitions and, under the general entireties exemption of § 522(b)(3)(B), sought to exempt the home that they owned as tenants by the entirety. The Court held that the benefits of entireties property survived bankruptcy filings and that the debtors' home could not be reached by creditors of only one of the spouses. Id. at 148, 153-55.

Bunker makes it clear that a joint filing in bankruptcy does not sever a tenancy by the entireties so as to make the property available to creditors of either husband or wife

10

individually.[6] That holding is different from, but consistent with, Napotnik.

Likewise, in a companion opinion to this case, O'Lexa v. Zebley, No. 06-2254, we concluded that the wife's home which she held as a tenant by the entirety was exempt under the general entireties exemption of § 522(b)(3)(B) from creditor's claims against her individually.

In that case, we rejected the trustee's argument that entireties property could be accessed under a Pennsylvania statute that made both spouses liable for debts contracted for necessaries by one spouse. Because the statute as we read it did not create joint liability, but rather made the spouse contracting for the necessaries primarily liable and the other only secondarily liable, we held that the entireties property was not subject to execution for the primary debtor's obligations.

O'Lexa makes clear that the presence of joint liability is necessary for a creditor to access property in a bankruptcy estate held as tenants by the entireties.

---

[6]A number of bankruptcy courts have determined that the filing of a bankruptcy petition does not act to sever a tenancy by the entirety. See In re Eichhorn, 338 B.R. 793 (Bankr. S.D. Ill 2006) (joint petition); In re Spears 313 B.R. 212, 217 (Bankr. W. D. Mich. 2004) (individual petition); In re Ford, 3 B.R. 559, 576 (Bankr. D. Md. 1980) (in banc) (applying Maryland law) (individual petition); In re Hackett, 13 B.R. 755, 757 (Bankr. E.D. Pa. 1981) (individual petition).

11

The presence of joint liability, however, does not necessarily prevent a debtor from excluding entireties property from the estate. The debtors' other option for shielding their holdings, including entireties property, from bankruptcy administration is through the federal exemption. Unlike the general exemptions, the federal ones do not provide an exemption for entireties property as such. Instead, they grant debtors a series of specific exemptions, including the provision at issue in this case, § 522(d)(5). See § 522 (d), (b)(2).

Under § 522(d)(5), a debtor may exempt his "aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection." § 522(d)(5) provides for a dollar cap of the property that may be exempted, but does not require that the property be "exempt from process" under nonbankruptcy law.

Thus, even though spouses may not be able to shield all their possessions from joint debtors under the general exemptions, that does not preclude a claim for an exemption of the property under the federal provisions up to the dollar limit specified.

As noted earlier, bankruptcy does not sever a tenancy by the entireties, but leaves its general characteristics in place, including the right of one tenant to act on behalf of both. The trustee's authority does not generally supersede that power. As the bankruptcy court in In re Ford, 3 B.R. 559, 576 (Bankr. D. Md. 1980) (in banc), aff'd on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir. 1981) explained:

12

> "The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition, until such time as that interest, still intact and unaltered, is exempted from the estate . . . ."

Id. at 570.

A tenancy by the entireties has a number of unique features designed to protect the property of husband and wife. The ability of the husband and wife to shield property through this form of ownership is to some extent in friction with the bankruptcy process of making a debtor's assets available to creditors. Nonetheless, the attributes of entireties ownership remain intact while the trustee holds the property following the filing of a bankruptcy petition unless, or until, spouses fail to seek exemptions for the entireties assets.

Thus we arrive at the specific issue in this case: whether, under § 522(d)(5) of the Bankruptcy Code, a spouse's "aggregate interest" in entireties property is only half of the value of the property, as the District Court concluded, the full value of the property, or some other sum. The Bankruptcy Code does not define "aggregate interest" and we generally turn to state law for the "determination of property rights in the assets of a bankrupt's estate." Butner v. United States, 440 U.S. 48, 54 (1979).

As we have seen, under Pennsylvania law, despite the objection of his creditors, a tenant may act on behalf of both spouses with respect to the whole of the entireties property, so long as the other spouse does not object. Because these were

13

joint bankruptcies and joint creditors were listed, appellants in both cases chose to apply the federal exemptions.

In the Brannon case, each of the debtors identified unequal parts of the entireties property that they wished to exempt. In the Lewis case, the wife applied all of her exemptions to entireties property and the husband used his exemptions against other property. In both cases, the spouses agreed to the respective allocations. We hold that these uses of the federal exemptions were permissible under the Bankruptcy Code. The trustee's attempt to limit exemptions to 50% of the total allowed through the bankruptcy system is a restriction of each spouse's rights to act with respect to the portion of the entireties property eligible for exemption; that is, the dollar amount available to the spouses under § 522(d)(5). In the bankruptcy setting, the trustee is granted no more authority than that given to creditors in nonbankruptcy circumstances.

The trustee cites United States v. Craft, 535 U.S. 274 (2002), which held that entireties property may be subject to a tax lien against one spouse. But that case is inapposite because it was concerned with the power of the Internal Revenue Service under a statute authorizing a lien on all "'property' or 'rights to property'" of a delinquent taxpayer. Id. at 276 (quoting 26 U.S.C. § 6321). Such sweeping authority is not granted to the trustee, who is bound in the circumstances here by state property law rather than a federal statute. See Schlossberg v. Barney, 380 F.3d 174 (4th Cir. 2004); In re: Sinnreich, 391 F.3d 1295 (11th Cir. 2004).

If the trustee's position prevailed, it would sever the unity of the tenancy and make the husband and wife co-tenants with

14

different rights and obligations. This result is illustrated in a situation in which a husband files for bankruptcy and his creditors are able to reach 50% of the entireties property. The non-bankrupt wife would become a tenant in common of the remaining property, which would be subject to access by her creditors. Such a result would be contrary to the policy of tenancy by the entireties to shield the marital estate. We decline to weaken this time-honored doctrine to that extent.

We conclude, therefore, that the District and Bankruptcy courts erred. The judgments in both cases will be reversed and the cases remanded for further proceedings consistent with this opinion.