**In re Courtney PYATTE and Stephen Pyatte, Samuel Perri and Rosa Perri, Barry J. Black and Denise A. Black, Paul K. Johnson and Jeannine A. Johnson, Debtors.**

**Nos. 9:10–bk–5822–ALP, 9:10–bk–6434–ALP, 9:09–bk–16194–ALP, 9:10–bk–17971–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Nov. 18, 2010.

David Lampley, David W. Fineman, The. Dellutri Law Group, P.A., Fort Myers, FL, for Debtors.

## MEMORANDUM OPINION AND ORDER ON TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTION

DAVID H. ADAMS, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Objection of the Chapter 7

Trustee, Robert E. Tardif, Jr., to the Debtors' Claims of Exemption.

The Debtors own certain personal property as tenants by the entireties. The issue in this case is whether the Debtors' interest in the entireties property must be allocated equally between them for purposes of claiming the personal property exemptions that are available under Florida law.

The Court concludes that the Debtors are not required to allocate their interest in the entireties property equally between them for purposes of claiming Florida's personal property exemptions, and that one joint Debtor may exempt more than a fifty percent interest in the property to the extent that the exemptions are otherwise allowable.

### Background

The Chapter 7 Trustee has filed an Objection to Exemptions in four separate cases. The Objections present a common issue for decision by the Court.

### A. Pyatte, Case No. 10–5822

The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on March 16, 2010.

#### 1. The Claims of Exemption

On their schedule of personal property filed with the petition, the Debtors listed jointly-owned bank accounts valued at $500.00, and jointly-owned household goods and personal effects valued at $4,859.00. The total value of their jointly-owned personal property therefore equals the sum of $5,359.00.

In addition to their jointly-owned personal property, Mr. Pyatte individually owns two bank accounts valued at $41.21, and a boat, motor, and trailer valued at $3,000.00. The total value of Mr. Pyatte's individually-owned personal property therefore equals the sum of $3,041.21.

The total value of the jointly-owned personal property and Mr. Pyatte's individually-owned personal property equals the sum of $8,400.21.

On their schedule of exemptions filed with the bankruptcy petition, the Debtors claimed all of the personal property ($8,400.21) as exempt pursuant to either Fla. Const. art. X, § 4(a)(2), or Fla. Stat. § 222.25(4).

Article X, § 4(a)(2) of the Florida Constitution provides that a debtor may claim "personal property to the value of one thousand dollars" as exempt. Fla. Const. art. X, § 4(a)(2). Section 222.25(4) of the Florida Statutes provides that a debtor may claim personal property up to the value of $4,000.00 as exempt, unless the debtor either claims or receives the benefit of a homestead exemption under Art. X, § 4 of the Florida Constitution. Fla. Stat. § 222.25(4). It is generally recognized that the constitutional exemption and the statutory exemption may be "stacked," so that each debtor in a joint case may claim up to $5,000.00 of personal property as exempt, "for an aggregate total of $10,000.00 of exempt personal property" in the joint case. *In re Gatto*, 380 B.R. 88, 90 (Bankr.M.D.Fla.2007).

The Debtors' Chapter 13 case was converted to a case under Chapter 7 on June 29, 2010.

#### 2. The Trustee's Objection

After the conversion, the Chapter 7 Trustee filed an Objection to the Debtors' claim of exemptions. (Doc. 31).

The Trustee contends that the Debtors improperly allocated the jointly-owned personal property that they claimed as exempt. The joint property is valued at $5,359.00. According to the Trustee, each Debtor is only entitled to claim up to fifty percent of the value of the joint property, or $2,679.50, as exempt. Pursuant to the

Trustee's calculation, therefore, Mrs. Pyatte would be entitled to claim the joint property as exempt to the extent of $2,679.50, and Mr. Pyatte would be entitled to claim the joint property as exempt to the extent of $2,679.50, plus a portion of his individually-owned property until he reached his allowed exemption amount of $5,000.00. Since the value of Mr. Pyatte's individual property equals $3,041.21, Mr. Pyatte would exceed his allowable exemptions by the sum of $720.71 ($2,679.50 + $3,041.21 = $5,720.71).

In response, the Debtors assert that the allocation of personal property set forth in their schedule of exemptions is proper. (Docs. 33, 43). According to the Debtors, Mr. Pyatte is entitled to claim his individual property valued at $3,041.21 as exempt, and the joint property may then be allocated as they choose between them, provided they do not exceed the allowable exemption amounts. The Debtors contend, for example, that Mrs. Pyatte may claim $5,000.00 of the joint property valued at $5,359.00 as exempt. Mr. Pyatte would then be permitted to claim the balance of the joint property as exempt in the amount of $359.00, plus his individual property in the amount of $3,041.21, for allowed exemptions in the total amount of $3,400.21. Pursuant to the Debtors' calculations, all of their personal property may be claimed as exempt without exceeding the dollar limitations contained in Article X, § 4(a)(2) of the Florida Constitution and § 222.25(4) of the Florida Statutes.

### B. Perri, Case No. 10–6434

The Debtors in this case listed jointly-owned personal property with a total value in the amount of $10,506.04, including the equity in two vehicles. In addition to the jointly-owned property, Mr. Perri individually owns personal property with a value of $289.82.

On their schedule of exemptions, the Debtors claimed virtually all of their personal property as exempt pursuant to Fla. Const. art. X, § 4(a)(2), Fla. Stat. § 222.25(4), or Fla. Stat. § 222.25(1), the statute that provides an exemption for a "debtor's interest, not to exceed $1,000 in value, in a single motor vehicle." The total value of the personal property claimed as exempt under these provisions is $10,793.86.

### C. Black, Case No. 09–16194

The Debtors in this case listed jointly-owned personal property with a total value in the amount of $4,309.17. In addition to the jointly-owned property, Mr. Black individually owns personal property, including two vehicles, with a value of $6,725.82.

On their schedule of exemptions, the Debtors claimed personal property with a total value of $10,408.54 as exempt. The exemptions were claimed pursuant to Fla. Const. art. X, § 4(a)(2), Fla. Stat. § 222.25(4), Fla. Stat. § 222.25(1), and Fla. Stat. § 222.11(2)(b), the statute that provides an exemption for certain wages.

### D. Johnson, Case No. 10–17971

The Debtors in this case listed jointly-owned personal property with a total value in the amount of $5,500.00. In addition to the jointly-owned personal property, Mr. Johnson individually owns personal property with a value of $7,389.00, including the equity in two vehicles.

On their schedule of exemptions, the Debtors claimed personal property with a total value of $11,000.00 as exempt. The exemptions were claimed pursuant to Fla. Const. art. X, § 4(a)(2), Fla. Stat. § 222.25(4), and Fla. Stat. § 222.25(1).

### The Issue

■] The Debtors jointly own personal property that includes bank accounts,

household goods, and personal effects. When a married couple jointly owns personal property in Florida, a presumption arises under Florida law that the property is owned as tenants by the entireties. *Beal Bank, SSB v. Almand and Associates,* 780 So.2d 45, 57 (Fla.2001). The presumption has not been rebutted in this case, and the Debtors are presumed to own the property as tenants by the entireties.

The Debtors do not claim their entireties property as exempt pursuant to § 522(b)(3)(B) of the Bankruptcy Code. *In re Gorny,* 2008 WL 5606583, at *8 (Bankr.M.D.Fla.) ("A bankruptcy trustee may reach tenancy by the entireties property to the extent of the spouses' joint debts.").

Instead, the Debtors claim their entireties property as exempt pursuant to the exemptions for personal property provided by Fla. Const. art. X, § 4(a)(2) and Fla. Stat. § 222.25(4). The issue is whether the Debtors' interest in the entireties property must be allocated equally between them for purposes of claiming the personal property exemptions that are available under the Florida Constitution and statutory law.

### Discussion

■■■ It is fundamental that the property interests of a debtor in bankruptcy are determined by state law.

While the question of "whether a debtor's interest constitutes property of the estate' is a federal question the nature and existence of the [debtor's] right to property is determined by looking at state law." *Id.* (quoting *In re Thomas,* 883 F.2d 991, 995 (11th Cir.1989)); *see also Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such

interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). *In re Builders Transport, Inc.,* 471 F.3d 1178, 1185 (11th Cir.2006). "[P]roperty interests are defined by state law." *In re Diaz,* 416 B.R. 902, 903 (Bankr.S.D.Fla. 2009).

### A. Entireties property under Florida law

In determining whether the Debtors must allocate their entireties property equally between them for purposes of claiming Florida's personal property exemptions, therefore, it is necessary to evaluate the nature of their interest in the property under Florida law.

■■■ Florida law has historically recognized estates by the entireties. "An estate or tenancy by the entirety is a type of ownership that dates to an era in which married women could not own real property individually, although ownership was allowed by a married couple *per tout et non per my.*'" *Amsouth Bank of Florida v. Hepner,* 647 So.2d 907, 909 (Fla. 1st DCA 1994).

Tenancy by the entireties is an estate that can only exist between a husband and wife where both spouses own and control the whole estate. The estate treats a marital couple as one in the eyes of the law. *Strauss v. Strauss,* 148 Fla. 23, 25, 3 So.2d 727, 728 (1941). To create a tenancy by the entireties, Florida law requires five unities to exist—(1) time—both spouses receive title in the same conveyance; (2) title—both spouses hold title to the property; (3) possession—both have equal right to use and to possess the entire property; (4) marriage—the parties must be married to one another; and (5) interest—both must have an equal interest in the whole of the property. *United States v. One*

*Single Family Residence With Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Florida,* 894 F.2d 1511, 1514 (11th Cir.1990) (citations omitted). "[A]s long as all the unities remain intact *each spouse's interest comprises the whole or entirety of the property and not a divisible part; the estate is inseverable." Id.* at 1514 (citations omitted). *In re Reese,* 281 B.R. 735, 739 (Bankr. M.D.Fla.2002) (Emphasis supplied). Under Florida law, therefore, each spouse owns an interest in all of the property held in the entireties estate.

■ The Florida Supreme Court explained each spouse's interest in "the whole" of the property as follows:

> When a married couple holds property as a tenancy by the entireties, each spouse is said to hold it "per tout," meaning that each spouse holds the "whole or the entirety, and not a share, moiety, or divisible part." *Bailey v. Smith,* 89 Fla. 303, 103 So. 833, 834 (1925). Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole. *See Hector Supply Co.,* 254 So.2d at 780; *Wilson v. Florida Nat'l Bank & Trust Co.,* 64 So.2d 309, 313 (Fla.1953).

*Beal Bank, SSB v. Almand and Associates,* 780 So.2d at 53. In fact, the Florida Supreme Court expressly distinguished a tenancy by the entireties, in which each spouse owns "the whole" of the property, from a joint tenancy with right of survivorship, in which each spouse "has only his or her own separate share ('per my'), which share is presumed to be equal for purposes of alienation." *Beal Bank,* 780 So.2d at 53.

## B. *Brannon*

The Debtors each own "the whole" of their entireties property under Florida law. The issue, therefore, is whether they are required to allocate their interest in the whole of the property equally between them for purposes of claiming Florida's personal property exemptions.

The Third Circuit Court of Appeals addressed a virtually identical issue in *In re Brannon,* 476 F.3d 170 (3d Cir.2007). In *Brannon,* the debtor/spouses had filed a joint Chapter 7 case and listed a stock portfolio as property owned by the entireties. One spouse sought to exempt approximately two-thirds of the portfolio pursuant to the personal property exemptions provided by § 522(d) of the Bankruptcy Code, and the Trustee objected to the claimed exemption on the grounds that the spouse, as a "one-half owner," was not entitled to claim more than 50% of the entireties property as exempt. *In re Brannon,* 476 F.3d at 172.

The Third Circuit disagreed with the Trustee's analysis, and concluded that "the Bankruptcy Code neither compels nor allows such a severance of the undivided interest a spouse holds in the whole of entireties property." *Id.* at 172. Specifically, the Court determined that one spouse is not required to limit the personal property exemption claimed for entireties property to 50% of the property's value. *Id.* at 176–77. The Third Circuit reached this conclusion for three primary reasons.

First, the Court found that the "essential characteristic" of entireties property under Pennsylvania law is that "each spouse is seised per tout et non per my, i.e., of the whole or the entirety and not of a share, moiety or divisible part." *Id.* at 173 (quoting In *re Gallagher's Estate,* 352 Pa. 476, 43 A.2d 132, 133 (1945)).

Second, the Court found that one spouse may act on behalf of both spouses with respect to the whole of the entireties property under Pennsylvania law, as long as the other spouse does not object. In *re Brannon,* 476 F.3d at 173, 176.

Third, the Court found that the filing of a bankruptcy petition "does not sever a tenancy by the entireties, but leaves its general characteristics in place." *Id.* at 175–76 (quoted in *In re Segen,* 2010 WL 4453315, at *3 (Bankr.E.D.Pa.)).

For these reasons, the Third Circuit concluded that the Bankruptcy Code does not permit "a severance of the undivided interest that a spouse holds in the whole of entireties property." *Id.* at 172. The debtors in *Brannon* were permitted to exempt unequal parts of the stock portfolio that they owned as entireties property. *Id.* at 176.

It is noteworthy that a corresponding result has been reached in cases arising under § 522(f) of the Bankruptcy Code. Section 522(f) allows a debtor to "avoid the fixing of a lien on *an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1) (Emphasis supplied).

In determining the "interest of the debtor" in entireties property for purposes of § 522(f), courts have found that an individual debtor's interest may be valued at 100% of the entireties property. According to these Courts, limiting the debtor's interest to 50% of the value of the entireties property would be inconsistent with the applicable state's law that each spouse has an equal right to the whole. *In re Levinson,* 372 B.R. 582, 588–90 (Bankr. E.D.N.Y.2007) (discussing *In re Snyder,* 249 B.R. 40, 46 (1st Cir. BAP 2000)).

### C. Application

The reasoning set forth by the Third Circuit Court of Appeals in *Brannon* may be applied to the exemption of entireties property under Florida law in joint bankruptcy cases.

First, in Florida, as in Pennsylvania, each spouse is seized of "the whole" of entireties property, and not of a share.

*Beal Bank,* 780 So.2d at 53. As in Pennsylvania, the "essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part." *Andrews v. Andrews,* 155 Fla. 654, 21 So.2d 205, 206 (1945). With respect to entireties property, each spouse's interest is inseverable and consists of the whole of the property under Florida law. *In re Reese,* 281 B.R. at 739.

█ Additionally, under Florida law, a spouse may consent to the use or even the transfer of entireties property by the other spouse without destroying the unities required for the estate. *Id.* at 56, 62 (one spouse alone may withdraw funds from a bank account held by the entireties if the spouses agree that either spouse may act for the other.); *In re Munoz,* 81 B.R. 695, 698 (Bankr.S.D.Fla.1987). In fact, in determining whether an entireties estate was initially created, courts generally consider whether it was the spouses' intention "that each spouse should have the use of all or any part of the balance at any time." *Sitomer v. Orlan,* 660 So.2d 1111, 1115 (Fla. 4th DCA 1995) (quoting *Hagerty v. Hagerty,* 52 So.2d 432, 434 (Fla.1951)).

In the cases currently before the Court, each spouse's consent to an unequal allocation of the entireties property was implicit, since both spouses in each case filed the bankruptcy petition and claimed the exemptions on their joint schedules. *In re Segen,* 2010 WL 4453315, at *3 (citing *In re Brannon,* 476 F.3d 170 (3d Cir.2007)).

█ Finally, the filing of a bankruptcy petition does not sever an estate by the entireties, "but leaves its general characteristics in place." *In re Brannon,* 476 F.3d at 176. Under Florida law, the unities required for an estate by the entireties are generally severed only by divorce, death, or an express or implied agreement between the owners. *Passalino v. Protec-*

*tive Group Securities, Inc.*, 886 So.2d 295, 297 (Fla. 4th DCA 2004).

In these cases, therefore, as in *Brannon,* the Court finds that each of the Debtors owns the undivided whole of their entireties property under Florida law. Additionally, their interest in the entireties property was not severed solely because they filed a bankruptcy petition, and each of the Debtors may consent to the use or allocation of the entireties property in their bankruptcy case. Consequently, the Debtors are not required to allocate their interest in the entireties property equally between them for purposes of claiming Florida's personal property exemptions.

### Conclusion

The Debtors claimed their entireties property as exempt in their bankruptcy case pursuant to the personal property exemptions provided by Florida law. Under Florida law, each spouse's interest in entireties property consists of the whole of the property, and not a divisible part. *Beal Bank,* 780 So.2d at 53. Consequently, the Court concludes that the Debtors are not required to allocate their interest in the entireties property equally between them for purposes of claiming Florida's personal property exemptions, and that one joint Debtor may exempt more than a fifty percent interest in the property to the extent that the exemptions are otherwise available.

Accordingly:

**IT IS ORDERED** that:

1. The Objections of the Chapter 7 Trustee, Robert E. Tardif, Jr., to the Debtors' Claims of Exemption are overruled.

2. The personal property exemptions claimed by the Debtors, Courtney Pyatte and Stephen Pyatte, Samuel Perri and Rosa Perri, Barry J. Black and Denise A. Black, and Paul K. Johnson and Jeannine A. Johnson, are allowed.